# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: Michael G. Dombrowski, | ) | Case No.: 16-81412-CRJ-11 |
| SSN: xxx-xx-4413 | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 11 |

## JOINT MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT

COME NOW Michael G. Dombrowski, as Chapter 11 Debtor-in-Possession ("Debtor"), and United Community Bank ("Bank"), and respectfully represent that they have reached an agreement to settle and compromise the claims and disputes involved in the Debtor's Chapter 11 case. As grounds for this motion, the parties state the following:

### I. Background

1. On May 11, 2016 (the "Commencement Date"), the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2. The Debtor continues to be authorized to operate the business as Debtor-in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor is an active real estate investor with numerous real properties in Alabama and several other states. In addition to his own properties, the Debtor is a member or member/owner of several limited liability companies that own real properties.

4. On December 15, 2010, the Debtor contracted with Bank, for a loan totaling $225,562.50 (the "loan").

5. As of filing its proof of claim on May 24, 2016, the Bank asserted that the loans' remaining principal balance was a total of $165,493.81, plus forward accruing interest and costs (the "Proof of Claim").

6. The Debtor is the sole owner and member of Blue Mountain Properties, LLC, a Georgia Limited Liability Company ("Blue Mountain"), which currently holds title to the following properties encumbered by the Bank's purchase-money mortgages that collateralized the loans (the "collateral"), as listed and incorporated hereto in Exhibit "A."

7. Following the commencement date, a dispute arose between the Debtor and the Bank regarding the Debtor's treatment of the Bank's claim under the terms of his Plan for Reorganization (the "dispute").

412505:1:ATLANTA

Case 16-81412-CRJ11    Doc 549-3    Filed 06/30/17    Entered 06/30/17 09:42:15    Desc
Case 16-81412-CRJ11    Doc 493      Filed 06/30/17    Entered 06/30/17 09:04:26    Desc
Main Document / Exhibit Cent    Page 1 of 5 / Page 1 of 6

8. To resolve the dispute and all other ancillary or collateral matters between these parties, the Debtor and the Bank propose this compromise and settlement to the Court. These parties aver that this proposed resolution is in the best interest of each party and the bankruptcy estate as a whole.

## II. Jurisdiction and Notice

9. The parties bring this Motion for approval of compromise and settlement (this "Motion") pursuant to § 105 of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). This Motion is a contested matter under Bankruptcy Rule 9014.

10. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). To the extent that this Court is being asked to enter a final order on any non-core matter, the parties expressly consent to the entry of a final order.

11. Pursuant to Bankruptcy Rule 2002, the parties propose to serve a copy of this Motion upon the Bankruptcy Administrator, all creditors, and all parties requesting notice.

12. Pursuant to Bankruptcy Rule 2002, the parties propose that the Bankruptcy Court provide no less than 20 days' notice by mail to all creditors of the time within which objections to the relief requested in this Motion must be filed and of the hearing on any such objections.

## III. Agreement for Compromise and Settlement

13. The agreement by and between the Debtor, including where applicable Blue Mountain, and the Bank to resolve all issues involved in the Chapter 11 case is as follows:

A. The Bank's Proof of Claim may be satisfied (the "Settlement Claim"), as set forth below:

i. The loan will be modified as follows: the loan's maturity date will be extended from December 15, 2017 to December 15, 2019. The Debtor will be obliged to make monthly payments to the Bank of $1,673.91 due on the 20th day of each month and late ten (10) calendar days thereafter (the "Loan Payment").

ii. In addition, the remaining collateral property will be subject to the release prices listed in Ex. A., (the "release price") with the Chapter 11 Bankruptcy Estate retaining any net proceeds in excess of the release price after the sale of any listed collateral property. All collateral property must be sold, or the remaining balance otherwise paid in full, on or before the maturity date set forth above.

iii. In the month following the sale of any collateral property, the Debtor's Loan Payment will be reduced on a pro-rata basis for all future payments to account for

412505:1:ATLANTA 2

Case 16-81412-CRJ11  Doc 549-3  Filed 06/30/17  Entered 06/30/17 09:42:15  Desc Main Document Exhibit Cent Page 2 of 5

the sold property.[1] The Debtor's Loan Payments will continue to reduce as properties are sold until either (a) the principal balance is paid in full; or (b) the Debtor defaults under the terms of this agreement.

B.  The Bank will release its mortgages on the respective collateral properties provided the release prices are achieved.

C.  The Debtor will have the exclusive right to market and sell, subject to the Bank's approval of any such sale, any of the collateral properties.

D.  With regard to any parcel of collateral property that is not sold or under contract by the maturity dates specified in Paragraph 13(A) above, Debtor and the Bank agree and stipulate that the Automatic Stay, pursuant to 11 USC § 363 (the "Automatic Stay") or any post confirmation stay or injunction, shall be lifted, or modified, with regard to any deficiency balance in order to permit Bank to foreclose on collateral property in accordance with state law to satisfy any such deficiency without any further Hearings, or Order of the Court. In such event, Debtor will reasonably cooperate with the Bank if it chooses to pursue any other remedies that the Bank may have to recover possession of the property.

E.  Debtor will incorporate the terms of this agreement into his Plan of Reorganization, and the Bank will support this treatment of its claim in the Debtor's Plan and not vote against and withdraw it pending objection to said Plan.

F.  The Debtor will be responsible for any of the Bank attorney's fees and/or expenses incurred in relation to this Chapter 11 proceeding only in the event that the Debtor defaults on this agreement or if there is a default under the plan with regard to the treatment of the Bank's claim.

G.  If the Bank concludes that the Debtor is in default under his plan, or concerning the payments to the Bank, the Bank will send notice of such default to Debtor at his last known residence and a copy to his bankruptcy counsel of record. Thereafter, the Debtor will have twenty-one (21) calendar days to cure the default from the date the notice is sent.

### IV. Business Justification for Compromise and Settlement

14.  Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises and settlements. The approval or rejection of a compromise is left to the sound discretion of the bankruptcy court, and is to be determined by the particular circumstances of each proposed compromise. The term "sound discretion" denotes the absence of a hard-and-fast rule. When invoked as a guide to judicial action, it means a decision giving due regard to what is right and equitable under the particular circumstances of the case and applicable law. Langes v. Green, 282 U.S. 531, 541 (1931).

---

[1] $x = a / (a + b)$     $x$ = percentage;   $a$ = principal balance; and   $b$ = sum of the net proceeds.
  $y = x \cdot z$          $y$ = new payment;   $x$ = percentage; and   $z$ = current payment.

15. The courts have supplied the following criteria when determining the acceptability of a proposed compromise:

> (i) The probability of success in the litigation;
> (ii) The complexity of the litigation involved; and
> (iii) The expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets).

Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990) and In re Jackson Brewing Co., 624 F.2d 605, 607 (5th Cir. 1980). See also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968). The court is required to decide whether the settlement falls below the lowest point in a range of reasonableness. Anacona-Ericsson v. Hennson (In re Teletronics Services, Inc.), 762 F.2d 185, 187-89 (2d Cir. 1985) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert denied 464 U.S. 822 (1984)).

16. Although the parties each believe strongly in their respective claims and defenses, each also recognizes the risks inherent in any litigation.

17. A settlement of the parties' disputes in accordance with this Motion will result in the resolution of these claims and minimize the Estate's administrative costs.

18. The proposed compromise and settlement is consistent with the intent and the requirements of the Bankruptcy Code.

19. This settlement and compromise is proposed in good faith and is the product of arms-length negotiations that have occurred between the parties over an extended period of time.

## V. Conclusion

WHEREFORE, PREMISES CONSIDERED, the parties request that the Bankruptcy Court:

A. Enter a final order approving this compromise and settlement; authorizing the parties to execute and deliver any and all other documents which may be necessary or appropriate to effectuate the compromise and settlement described herein; and

B. Granting such further and different relief as the Bankruptcy Court may deem just and appropriate.

Respectfully submitted this the 30th day of June, 2017.

| | |
|---|---|
| */s/ Eric J. Breithaupt* | */s/ Tazewell T. Shepard IV* |
| Eric J. Breithaupt | Tazewell T. Shepard IV |
| *Attorney for United Community Bank* | *An Attorney for Debtor-in-possession* |
| | |
| **STITES & HARBISON PLLC** | **SPARKMAN, SHEPARD & MORRIS, P.C.** |
| 303 Peachtree Street, N.E. | P.O. Box 19045 |
| 2800 SunTrust Plaza | Huntsville, AL 35804 |
| Atlanta, GA 30308 | Tel: (256) 512-9924 |
| Tel: (404) 739-8800 | Fax: (256) 512-9837 |
| Fax: (404) 739-9970 | |

## CERTIFICATE OF SERVICE

This is to certify that I have this 30th day of June, 2017 served the foregoing motion on all parties as listed on the Clerk's Certified Matrix and Richard Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602 by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV

412505:1:ATLANTA

5

Case 16-81114-CRJ11 Doc 569-3 Filed 06/30/17 Entered 06/30/17 09:42:36 Desc
Case 16-81412-CRJ11 Doc 493 Filed 06/30/17 Entered 06/30/17 09:04:15 Desc
Main Document Page 5 of 5
Exhibit Page 5 of 5

| Property | Market Value* | Release Price** |
|---|---|---|
| Lot 2 Lakeland Estates Phase II<br>Ellijay, Ga<br>Parcel 3009B-050 | $20,000 | $10,000.00 |
| Lot 10 Lakeland Estates Phase II<br>Ellijay, Ga<br>Parcel 3009B-047 | $30,000 | $15,000.00 |
| Lot 14 Lakeland Estates Phase II<br>Ellijay, Ga<br>Parcel 3009B-041 | $40,000 | $15,000.00 |
| Lot 51 Lakeland Estates Phase II<br>Ellijay, Ga<br>Parcel 3009B-061 | $30,000 | $15,000.00 |
| Lot 58 Lakeland Estates Phase II<br>Ellijay, Ga<br>Parcel 3009B-058 | $10,000 | $5,000.00 |
| Lot 59 Lakeland Estates Phase II<br>Ellijay, Ga<br>Parcel 3009B-006 | $20,000 | $5,000.00 |
| Lot 60 Lakeland Estates Phase II<br>Ellijay, Ga<br>Parcel 3009B-005 | $20,000 | $10,000.00 |
| Lot 61 Lakeland Estates Phase II<br>Ellijay, Ga<br>Parcel 3009B-004 | $10,000 | $5,000.00 |
| Lot 62 Lakeland Estates Phase II<br>Ellijay, Ga<br>Parcel 3009B-003 | $15,000 | $5,000.00 |
| Undeveloped 18 Acre<br>Ellijay, Ga<br>Parcel 3009-001G | $60,000 | $30,000.00 |
| Undeveloped 49 Acre<br>Ellijay, Ga<br>Parcel 3009-001AB | $150,000 | $75,000.00 |
| | **$405,000** | **$190,000** |

* Valuation asserted by Debtor. Debtor may be presented with offers above or below this value that he chooses to accept. Debtor used current tax appraisals, prior valuations, and features of each Property to establish the Market Value.

**UCB will receive stated release price on each sale to apply to principal reduction; UCB will reduce successive monthly P&I payments in proportion to the reduction in principal so as to maintain the current amortization schedule.