# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: Michael G. Dombrowski, | ) | Case No.: 16-81412-CRJ-11 |
| SSN: xxx-xx-4413 | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 11 |

## JOINT MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT

COME NOW Michael G. Dombrowski, as Chapter 11 Debtor-in-possession ("Debtor"), and Sevier County Bank ("Bank"), and respectfully represent that they have reached an agreement to settle and compromise the claims and disputes involved in the Debtor's Chapter 11 case. As grounds for this motion, the parties state the following:

### I. Background

1. On May 11, 2016 (the "Commencement Date"), the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2. The Debtor continues to be authorized to operate the business as Debtor-in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor is an active real estate investor with numerous real properties in Alabama and several other states. In addition to his own properties, the Debtor is a member or member/owner of several limited liability companies that own real properties.

4. On July 8, 2011, and on August 5, 2011, the Debtor contracted with the Bank for two separate loans (loan ## 7420 and 7457, respectively) totaling $2,495,500.00 (the "loans").

5. As of filing its proofs of claim (#31 and #32) on September 13, 2016, the Bank asserted that the loans' remaining principal balance was a total of $2,110,212.30, plus forward accruing interest, and costs (the "Proofs of Claim").

6. The Debtor is the sole owner and member of Blue Mountain Properties, L.L.C., which currently hold title to the real properties encumbered by the Bank's purchase-money mortgages that collateralized the loans (the "collateral"), as listed and incorporated hereto in Exhibit "A."

7. Following the commencement date, a dispute arose between the Debtor and the Bank regarding the Debtor's treatment of the Bank's claim under the terms of his Plan for Reorganization (the "dispute").

8. To resolve the dispute and all other ancillary or collateral matters between these parties, the Debtor and the Bank propose this compromise and settlement to the Court. These parties aver that this proposed resolution is in the best interest of each party and the bankruptcy estate as a whole.

## II. Jurisdiction and Notice

9. The parties bring this Motion for approval of compromise and settlement (this "Motion") pursuant to § 105 of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). This Motion is a contested matter under Bankruptcy Rule 9014.

10. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). To the extent that this Court is being asked to enter a final order on any non-core matter, the parties expressly consent to the entry of a final order.

11. Pursuant to Bankruptcy Rule 2002, the parties propose to serve a copy of this Motion upon the Bankruptcy Administrator, all creditors, and all parties requesting notice.

12. Pursuant to Bankruptcy Rule 2002, the parties propose that the Bankruptcy Court provide no less than 20 days' notice by mail to all creditors of the time within which objections to the relief requested in this Motion must be filed and of the hearing on any such objections.

## III. Agreement for Compromise and Settlement

13. The agreement by and between the Debtor, including where applicable Blue Mountain Properties, L.L.C., and the Bank to resolve all issues involved in the Chapter 11 case is as follows:

A. As a result of two of the Debtor's rental units being destroyed in the recent wildfires of East Tennessee, the Debtor has received a check from Engle Martin & Associates, Inc. in the amount of $670,916.00 and made payable to Mr. Dombrowski's Blue Mountain Properties, LLC, as property owner and to Sevier County Bank as the mortgage lien holder on said properties. As to the funds represented by this check, the parties have agreed, subject to court approval, that:

> i. The Debtor will request that the Engle Martin & Associates, Inc. cancel the original check for $670,916.00 and reissue two checks as follows: (a) one check for $626,216.00 representing the insurance proceeds relating to the two burned structures and made payable to the Bank; and (b) one check for $43,700.00 representing the insurance proceeds relating the burned personal property in the units and made payable to the Debtor; and

2

Case 1:683:14-22-CR-111  Doc 569:94  Filed 05/13/017  Entered 05/13/017 14:48:26  Desc
Main Exhibit Document Page 2 of 5

ii. The Bank will receive the $626,216.00 check for insurance proceeds relating to the two burned structures; and

iii. The Debtor will receive the $43,700.00 check for insurance proceeds relating to the burned personal property in the units.

B. Mr. Dombrowski also expects to receive, and the parties agree that he will retain, additional funds representing lost future rents and/or demolition/stabilization costs from the two destroyed units.

C. Upon receipt of the funds discussed above, the Bank will release and discharge its mortgage liens on the lots of the two destroyed rental units.

D. The Debtor will be solely responsible for, and will use a portion of the funds that he retains, for cleanup and stabilization of the two lots, as such is required by local authorities.

E. The Bank will apply the funds, as discussed above in ¶ 13(A)(i), to its allowed claim, as amended, first to pay outstanding costs and fees and second, to a $5,000.00 escrow for additional costs, and, third, to the principal balance of the claim. After approval of the Motion and the finalizing of documents, any balance remaining in the escrow will be applied to the principal balance of the loan.

F. As for Mr. Dombrowski's two notes, on receipt of the funds discussed above, the Bank will:

i. Re-amortize both notes on their current terms; and

ii. Keep the notes' current variable interest formula of *Wall Street Journal* prime.

G. Debtor will incorporate the terms of this agreement into his Plan of Reorganization, and the Bank will support this treatment of its claim in the Debtor's Plan and not vote against and will withdraw it pending objection to said Plan.

H. If the Bank concludes that the Debtor is in default, the Bank will send notice of such default to Debtor at his last known residence and a copy to his bankruptcy counsel of record. Thereafter, the Debtor will have twenty-one (21) calendar days to cure the default from the date the notice is sent.

I. Upon filing of this Motion, the Debtor is released from any further obligation to his Court ordered adequate protection payments to Bank.

3

J. To the extent any provision proposed in the Debtor's Plan, and not addressed by this Agreement, conflicts with the terms, guarantees, promissory notes, mortgages, or other loan documents entered into between the parties (collectively, the "loan documents"), the loan documents will govern the parties' duties and obligations.

### IV. Business Justification for Compromise and Settlement

14. Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises and settlements. The approval or rejection of a compromise is left to the sound discretion of the bankruptcy court, and is to be determined by the particular circumstances of each proposed compromise. The term "sound discretion" denotes the absence of a hard-and-fast rule. When invoked as a guide to judicial action, it means a decision giving due regard to what is right and equitable under the particular circumstances of the case and applicable law. Langes v. Green, 282 U.S. 531, 541 (1931).

15. The courts have supplied the following criteria when determining the acceptability of a proposed compromise:

> (i) The probability of success in the litigation;
> (ii) The complexity of the litigation involved; and
> (iii) The expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets).

Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990) and In re Jackson Brewing Co., 624 F.2d 605, 607 (5th Cir. 1980). See also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968). The court is required to decide whether the settlement falls below the lowest point in a range of reasonableness. Anacona-Ericsson v. Hennson (In re Teletronics Services, Inc.), 762 F.2d 185, 187-89 (2d Cir. 1985) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert denied 464 U.S. 822 (1984)).

16. Although the parties each believe strongly in their respective claims and defenses, each also recognizes the risks inherent in any litigation.

17. A settlement of the parties' disputes in accordance with this Motion will result in the resolution of these claims and minimize the Estate's administrative costs.

18. The proposed compromise and settlement is consistent with the intent and the requirements of the Bankruptcy Code.

19. This settlement and compromise is proposed in good faith and is the product of arms-length negotiations that have occurred between the parties over an extended period of time.

4

## V. Conclusion

WHEREFORE, PREMISES CONSIDERED, the parties request that the Bankruptcy Court:

A. Enter a final order approving this compromise and settlement; authorizing the parties to execute and deliver any and all other documents which may be necessary or appropriate to effectuate the compromise and settlement described herein; and

B. Granting such further and different relief as the Bankruptcy Court may deem just and appropriate.

Respectfully submitted this the 10th day of May, 2017.


| | |
|---|---|
| */s/ Stuart M. Maples* | */s/ Tazewell T. Shepard IV* |
| Stuart M. Maples | Tazewell T. Shepard IV |
| *Attorney for Sevier County Bank* | *An Attorney for Debtor-in-possession* |
| | |
| **MAPLES LAW FIRM** | **SPARKMAN, SHEPARD & MORRIS, P.C.** |
| 200 Clinton Avenue W, Suite 1000 | P.O. Box 19045 |
| Huntsville, AL 35801 | Huntsville, AL 35804 |
| Tel: (256) 489-9779 | Tel: (256) 512-9924 |

## CERTIFICATE OF SERVICE

This is to certify that I have this 10th day of May, 2017 served the foregoing motion on all parties as listed on the Clerk's Certified Matrix and Richard Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602 by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV

# EXHIBIT "A"

loan #7420

    1 BR Rental Home                 1 BR Rental Home
    3013 Legacy Vista Dr.             2613 Mountain Glory
    Sevierville, TN 37876            Sevierville, TN 37876

    1 BR Rental Home                 5 BR Rental Home
    3015 Legacy Vista Dr.             314 Pinnacle Dr.
    Sevierville, TN 37876            Gatlinburg, TN 37738

loan #7457

    1 BR Rental Home                 1 BR Rental Home
    2611 Mountain Glory             2617 Mountain Glory
    Sevierville, TN 37876            Sevierville, TN 37876

    1 BR Rental Home                 7 BR Rental Home
    2322 Top of the World            3451 Tekoa Mountain
    Sevierville, TN 37876            Sevierville, TN 37876

    3 BR Rental Home                 7 BR Rental Home
    410 Beuna Vista                  218 Pinnacle Dr.
    Sevierville, TN 37876            Gatlinburg, TN 37738