IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: Michael G. Dombrowski,<br>SSN: xxx-xx-4413 | )<br>)<br>) | Case No.: 16-81412-CRJ-11 |
| Debtor. | ) | CHAPTER 11 |

**JOINT MOTION FOR APPROVAL OF**
**COMPROMISE AND SETTLEMENT**

COME NOW Michael G. Dombrowski, as Chapter 11 Debtor-in-Possession ("Debtor"), and First Tennessee Bank National Association ("Bank"), and respectfully represent that they have reached an agreement to settle and compromise the claims and disputes involved in the Debtor's Chapter 11 case. As grounds for this motion, the parties state the following:

**I. Background**

1. On May 11, 2016 (the "Commencement Date"), the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2. The Debtor continues to be authorized to operate the business as Debtor-in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor is an active real estate investor with numerous real properties in Alabama and several other states. In addition to his own properties, the Debtor is a member or member/owner of several limited liability companies that own real properties.

4. On December 23, 2010, the Debtor contracted with Mountain National Bank, a predecessor in interest to the Bank, for a loan totaling $1,260,000.00 (the "loan").

5. As of filing its proof of claim on September 6, 2016, the Bank asserted that the loan's remaining principal balance was approximately $913,736.08, plus accruing interest, attorney's fees, and costs (the Proof of Claim").

6. The Debtor is the sole owner and member of MGD RR3, LLC a Tennessee limited liability company ("MGD"), which currently holds title to the following properties encumbered by the Bank's purchase-money mortgage that collateralized the loan (the "collateral"):

| | |
|---|---|
| 1 BR Rental Home<br>2402 Breezy Ridge Ln.<br>Servierville, TN 37876 | 1 BR Rental Home<br>2048 Mikey St.<br>Sevierville, TN 37876 |

| | |
|---|---|
| 1 BR Rental Home<br>3053 Legacy Vista Dr.<br>Sevierville, TN 37876 | 1 BR Rental Home<br>3047 Legacy Vista Dr.<br>Sevierville, TN 37876 |
| 1 BR Rental Home<br>2937 Legacy Vista Dr.<br>Sevierville, TN 37876 | 1 BR Rental Home<br>3049 Legacy Vista Dr.<br>Sevierville, TN 37876 |
| 1 BR Rental Home<br>3010 Legacy Vista Dr.<br>Sevierville, TN 37876 | |

7. Pursuant to the loan agreement, the parties' promissory note in favor of the Bank matured on or about December 22, 2015.

8. Following the commencement date, a dispute arose between the Debtor and the Bank regarding whether, pursuant to the Automatic Stay of 11 U.S.C. § 362, the Bank is stayed from pursuing state-law collection remedies against the collateral properties titled to MGD, the total dollar amount of the Bank's claim, and the Debtor's treatment of the Bank's claim under the terms of his Plan for Reorganization (the "disputes").

9. To resolve the disputes and all other ancillary or collateral matters between these parties, the Debtor and the Bank propose this compromise and settlement to the Court. These parties aver that this proposed resolution is in the best interest of each party and the bankruptcy estate as a whole.

## II. Jurisdiction and Notice

10. The parties bring this Motion for approval of compromise and settlement (this "Motion") pursuant to § 105 of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). This Motion is a contested matter under Bankruptcy Rule 9014.

11. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). To the extent that this Court is being asked to enter a final order on any non-core matter, the parties expressly consent to the entry of a final order.

12. Pursuant to Bankruptcy Rule 2002, the parties propose to serve a copy of this Motion upon the Bankruptcy Administrator, all creditors, and all parties requesting notice.

13. Pursuant to Bankruptcy Rule 2002, the parties propose that the Bankruptcy Court provide no less than 20 days' notice by mail to all creditors of the time within which objections to the relief requested in this Motion must be filed and of the hearing on any such objections.

2

## III. Agreement for Compromise and Settlement

14. The agreement by and between the Debtor, including where applicable MGD, and the Bank to resolve all issues involved in the Chapter 11 case is as follows:

   A. The Bank's Proof of Claim may be satisfied by the payment of $1,000,000.00 in total (the "Settlement Claim"), as set forth below.

   B. Debtor and MGD will list for sale via public auction the collateral properties, in accord with the following terms (the "auction"):

       a. The auction will occur in Sevier County, Tennessee no later than April 15, 2017 with a real estate auctioneer firm who the Debtor will seek this Court's approval to employ;

       b. The Debtor or MGD will pay all expenses of the auctioneer for advertising and other costs associated with the auction, estimated to be approximately $6500.00; and

       c. If the Plan is not yet confirmed, the auction sale will be pursuant to 11 USC § 363. Furthermore, with the consent of the Bank, the Debtor and MGD are entitled to sell any collateral properties prior to the auction with Court approval via a 11 U.S.C. § 363 private sale; and

       d. After conferring with the Bank, the Debtor will set reserve sale prices (the "reserve price") for each collateral property for sale at the auction based on a calculation of anticipated net proceeds from the auction being no less than the net proceeds the Bank would receive from an MLS listing sold by the Debtor in the ordinary course of business.

       e. The Debtor will not be under obligation to sell more than two individual properties unless the auction sales completely satisfy the Settlement Claim

   C. The Bank will release its mortgages on the respective collateral properties as they are sold, provided the reserve prices are achieved. The Bank will receive 100% of the net sales proceeds from all collateral property sales.

   D. The Debtor will pay the court-ordered adequate protection payment to the Bank for the months of January and February 2017. The Debtor will have no obligation to pay the adequate protection payments for the months of March and April 2017, but will instead use those funds to advance expenses to the auctioneer for advertising and other costs of the auction. Thereafter, the Debtor will pay an amount equal to his court-ordered adequate protection payments to the Bank on a monthly basis for the pendency of his Chapter 11 Plan until either (a) the Bank's Settlement Claim is paid in full, or (b) the Debtor defaults under the terms of this agreement. Notwithstanding the preceding sentences in this paragraph, the Debtor will have no obligation to make any further adequate protection payments or equivalent payments if, prior to

3

Case 16-31412-rj11  Doc 5985  Filed 01/23/17  Entered 01/23/17 17:04:26  Desc
Main Document Exhibit Page 3 of 6

April 15, 2017, he and MGD have, with the Bank's approval, entered into contracts to sell at least two of the collateral properties, and such contracts close no later than May 31, 2017.

   E.   Following the auction, the Debtor and MGD will have the exclusive right to market and sell, subject to the Bank's approval, any of the collateral properties which did not sell for at least the set reserve prices at the auction. The Debtor and MGD must have sufficient collateral properties under a bona fide contract for sale by August 31, 2017 to satisfy the Settlement Claim, and, close such sales by October 31, 2017.

   F.   With regard to any parcel of collateral property that is not sold or under contract as specified in Paragraph 14(E) above, Debtor (in his individual capacity or his capacity as member of MGD and the Bank agree and stipulate that the Automatic Stay, pursuant to 11 USC § 363 (the "Automatic Stay") shall be lifted, or modified, in order to permit Bank to foreclose on the property in accordance with state law, without any further Hearings, or Order of the Court. In such event, Debtor will reasonably cooperate with the Bank if it chooses to pursue any other remedies that the Bank may have to recover possession of the property. The parties agree and stipulate that the automatic stay in Debtor's existing Bankruptcy case will not prevent the Bank from invoking any of its contractual or state law remedies against the property. Furthermore, the Debtor will continue to be bound by the terms of the Order Granting Adequate Protection to Creditor First Tennessee Bank National Association, as modified by paragraph 14.D.

   G.   Debtor will incorporate the terms of this agreement into his Plan of Reorganization, and the Bank will support this treatment of its claim in the Debtor's Plan and not vote against or object to said Plan.

   H.   The Debtor will be responsible for any Bank attorney's fees only in the event that he defaults on this agreement or if there is a default under the plan with regard to the treatment of the Bank's claim.

   I.   If the Bank concludes that the Debtor is in default under his plan, or concerning the payments to the Bank, the Bank will send notice of such default to Debtor at his last known residence and a copy to his bankruptcy counsel of record. Thereafter, the Debtor will have fourteen (14) calendar days to cure the default from the date the notice is sent.

   J.   Once the Bank has received $1,000,000.00 from the sale of the collateral, or other sources, the Bank, Debtor and MGD will exchange full mutual releases for any and all claims arising out of the loan, the Proof of Claim, or the Bank's administration of the same.

### IV. Business Justification for Compromise and Settlement

   15.   Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises and settlements. The approval or rejection of a compromise is left to the sound discretion of the bankruptcy court, and is to be determined by the particular circumstances of each proposed compromise. The term "sound discretion" denotes the absence of a hard-and-fast rule. When invoked as a guide to judicial action, it means a decision giving due regard to what is right and

4

equitable under the particular circumstances of the case and applicable law.  Langes v. Green, 282 U.S. 531, 541 (1931).

16. The courts have supplied the following criteria when determining the acceptability of a proposed compromise:

> (i) The probability of success in the litigation;
> (ii) The complexity of the litigation involved; and
> (iii) The expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets).

Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990) and In re Jackson Brewing Co., 624 F.2d 605, 607 (5th Cir. 1980).  See also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968).  The court is required to decide whether the settlement falls below the lowest point in a range of reasonableness.  Anacona-Ericsson v. Hennson (In re Teletronics Services, Inc.), 762 F.2d 185, 187-89 (2d Cir. 1985) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert denied 464 U.S. 822 (1984)).

17. Although the parties each believe strongly in their respective claims and defenses, each also recognizes the risks inherent in any litigation.

18. A settlement of the parties' disputes in accordance with this Motion will result in the resolution of these claims and minimize the Estate's administrative costs.

19. The proposed compromise and settlement is consistent with the intent and the requirements of the Bankruptcy Code.

20. This settlement and compromise is proposed in good faith and is the product of arms-length negotiations that have occurred between the parties over an extended period of time.

## V. Conclusion

WHEREFORE, PREMISES CONSIDERED, the parties request that the Bankruptcy Court:

A. Enter a final order approving this compromise and settlement; authorizing the parties to execute and deliver any and all other documents which may be necessary or appropriate to effectuate the compromise and settlement described herein; and

B. Granting such further and different relief as the Bankruptcy Court may deem just and appropriate.

5

Case 16-83144-CRJ11  Doc 569  Filed 08/30/17  Entered 08/30/17 17:04:36  Desc
Main Document   Page 5 of 5

Respectfully submitted this the 31st day of January, 2017.

| | |
|---|---|
| */s/ Joe A. Joseph* | */s/ Tazewell T. Shepard* |
| Joe A. Joseph | Tazewell T. Shepard III |
| *Attorney for First Tennessee Bank* | Kevin M. Morris |
| | Tazewell T. Shepard IV |
| | *Attorneys for Debtor-in-possession* |
| **BURR & FORMAN LLP** | **SPARKMAN, SHEPARD & MORRIS, P.C.** |
| 420 North 20th St. | P.O. Box 19045 |
| Suite 3400 | Huntsville, AL 35804 |
| Birmingham, AL 35203 | Tel: (256) 512-9924 |
| Tel: (205) 458-5457 | Fax: (256) 512-9837 |
| Fax: (205) 244-5637 | |

## CERTIFICATE OF SERVICE

This is to certify that I have this 31st day of January, 2017 served the foregoing motion on all parties as listed on the Clerk's Certified Matrix (attached hereto) and Richard Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602 by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

*/s/ Tazewell T. Shepard*
Tazewell T. Shepard