IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: Michael G. Dombrowski, | ) | Case No.: 16-81412-CRJ-11 |
| SSN: xxx-xx-4413 | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 11 |

## JOINT MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT

COME NOW Michael G. Dombrowski, as Chapter 11 Debtor-in-Possession ("Debtor"), and First Commercial Bank, a division of Synovus Bank ("Bank"), and respectfully represent that they have reached an agreement to settle and compromise the claims and disputes involved in the Debtor's Chapter 11 case. As grounds for this motion, the parties state the following:

### I. Background

1. On May 11, 2016 (the "Commencement Date"), the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2. The Debtor continues to be authorized to operate the business as Debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor is an active real estate investor with numerous real properties in Alabama and several other states. In addition to his own properties, the Debtor is a member or member/owner of several limited liability companies that own real properties.

4. On May 30, 2013, the Debtor contracted with the Bank for a loan totaling $1,078,565.66 (the "loan"). As of November 29, 2016, the Bank asserts that the loan's remaining balance approximated $996,608.76, plus attorney's fees and costs of not less than $63,927.31, together with accruing costs and interest going forward.

5. The Debtor is the sole owner and member of the following limited liability companies relevant to this matter: to MCA Properties, L.L.C. and East Coast Properties, L.L.C.

6. The Debtor pledged the following collateral to the Bank to securitize the loan (the "collateral"):

| | |
|---|---|
| 4 BR Rental Home<br>1013 Constitution Way<br>Cummings, GA 30040 | Property titled to Michael Dombrowski |

Case 16-81412-CRJ11    Doc 58-96   Filed 12/81/16/17   Entered 12/81/16/17 13:02:25:36   Desc
Main Document Exhibit Page 1 of 12

| | |
|---|---|
| Vacant Lot<br>Morgantown Back Lot<br>Gulfshores, AL | Property titled to Michael Dombrowski |
| 1 BR Rental Condo<br>57 Forsyth Unit 4C<br>Atlanta, GA 30303 | Property titled to MCA Properties, L.L.C. |
| 2 BR Condo<br>617 John Wesley Dobbs Ave. #A<br>Atlanta, GA 30312 | Property titled to East Coast Properties, L.L.C. |
| 2 BR Condo<br>617 John Wesley Dobbs Ave. #B<br>Atlanta, GA 30312 | Property titled to East Coast Properties, L.L.C. |
| Vacant Subdivision<br>Horseshoe Bend<br>Dallas, GA 30157 | Properties titled to East Coast Properties, L.L.C. |
| Vacant Subdivision<br>Little Creek Manor<br>Dallas, GA 30157 | Properties titled to East Coast Properties, L.L.C. |

7. Pursuant to the loan agreement, the parties' promissory note in favor of the Bank matured on or about August 29, 2016.

8. Following the Commencement Date, a dispute arose between the Debtor and the Bank regarding whether, pursuant to the Automatic Stay of 11 U.S.C. § 362, the Bank is stayed from pursuing state-law collection remedies against the collateral titled to East Coast Properties, L.L.C. and MCA Properties, L.L.C. (the "dispute").

9. This Court denied a Motion for Relief from the Automatic Stay filed by the Bank and ordered the Debtor to make payments of $995.00 to the Bank as adequate protection payments for the Collateral. The Bank appealed this Court's order to the U.S. District Court in the case styled *First Commercial Bank v. Dombrowski*, Case No. 5:16-cv-01380-VEH (the "Appeal") but the parties have now asked the U.S. District Court to remand the matter back to this Court pursuant to Bankruptcy Rule 8008 so that this Court will have full authority to settle all of the disputes between the parties, including the matter on appeal.

10. To resolve the dispute and all other collateral matters between these parties, the Debtor and the Bank propose this compromise and settlement to the Court. These parties aver that this proposed resolution is in the best interest of each party and the bankruptcy estate as a whole.

## II. Jurisdiction and Notice

11. The parties bring this Motion for approval of compromise and settlement (this "Motion") pursuant to § 105 of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). This Motion is a contested matter under Bankruptcy Rule 9014.

12. The Bankruptcy Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). To the extent that this Court is being asked to enter a final order on any non-core matter, which may include the rights and obligations as between the Debtor's limited liability companies and the Debtor's wife, Charlotte Dombrowski, on the one hand, and the Bank, on the other hand, the parties expressly consent to the entry of a final order.

13. Pursuant to Bankruptcy Rule 2002, the parties propose to serve a copy of this Motion upon the Bankruptcy Administrator, all creditors, and all parties requesting notice.

14. Pursuant to Bankruptcy Rule 2002, the parties propose that the Bankruptcy Court provide no less than 20 days' notice to all creditors of the time within which objections to the relief requested in this Motion must be filed and of the hearing on any such objections.

## III. Agreement for Compromise and Settlement

15. The agreement by and between the Debtor, including where applicable all of his limited liability companies and his wife Charlotte Dombrowski, and the Bank to resolve all issues involved in the Chapter 11 case is as follows:

A. Debtor will list for sale:

a. No later than December 31, 2016, the Morgantown Beach lot and the Horseshoe Bend and Little Creek Manor subdivisions; and

b. No later than January 31, 2017, the property located at 57 Forsyth, Unit 4C; and

c. No later than March 15, 2017, for Unit B and May 15 for Unit A, the two apartment condominiums located at 617 John Wesley Dobbs Avenue, Units A and B. Both units will be listed at post-renovation prices, showing the repair work to be done and the units priced accordingly.

B. Mr. Dombrowski will pay the court-ordered adequate protection payments ($995.00 per month) to the Bank until his Chapter 11 plan is confirmed; and, thereafter Debtor will continue to pay this same monthly amount until the Bank's allowed claim is paid in full.

C. Mr. Dombrowski will pay all property taxes and insurance on the Bank's collateral, except for taxes which came due prior to Bankruptcy filing and thus will be paid

through the confirmed plan or upon sale of the associated properties. Debtor will notify the taxing authorities that they are prohibited from taking any actions against the Bank's real estate collateral due to unpaid pre-petition property taxes. He will pursue imposition of the stay as to any taxing authorities who do not comply after receiving such notification.

    D. Debtor will give the Bank access to the properties upon request to perform appraisals and environmental inspections.

    E. Mr. Dombrowski must have all of the real properties listed above sold by October 31, 2017.

    F. Debtor will list the subject properties at prices proposed by the listing agents/brokers. Debtor will periodically reduce the listing prices as advised by the listing agents/brokers and in consultation with the Bank. The Bank will be ordering updated appraisals on all properties. The reasonable costs for the appraisals will be added to Mr. and Mrs. Dombrowski's loan debt and paid out of the sale of the respective real properties.

    G. The Bank will release its mortgages on the respective properties as they are sold. The parties agree to minimum sale "release prices" for these properties calculated at 80% of the Bank's value for each property as set out in the chart attached as **Exhibit "A"** hereto,[1] with the exceptions of 1) the rental home on Constitution Way for which the Bank will release its lien upon receipt of all net proceeds after satisfaction of the first mortgage of Piedmont Capital, and 2) the two subdivisions where each lot will have a release price of $5,000.00. The Bank will receive 100% of the net sales proceeds from all property sales.

    H. With regard to any piece of property that is not sold as specified in Paragraph 15(E) above, Debtor (in his individual capacity or his capacity as member of respective LLC that owns the property) will permit the Bank to foreclose on the property and will reasonably cooperate with the Bank if it chooses to pursue any other remedies that the Bank may have to recover possession of the property. Neither Mr. Dombrowski nor any of his LLCs will oppose the Bank's efforts to take possession of and sell any such property. The parties agree that the automatic stay in Debtor's existing Bankruptcy case will not prevent the Bank from invoking any of its contractual or state law remedies against the property. Moreover, the automatic stay that might otherwise apply in a subsequent Bankruptcy case filed by Debtor, the Debtor's wife, Charlotte Dombrowski, or any of the Debtor's LLCs also will not prevent the Bank from invoking any of its contractual or state law remedies against the properties. The parties jointly request that "in rem" relief from stay be granted to the Bank pursuant to Section 362(d)(4)(B) of the Bankruptcy Code with regard to any property that is turned over to the Bank under this paragraph.

    I. The parties agree that the Bank's state court lawsuit against Mrs. Dombrowski (Circuit Court of Madison County, Alabama, Case No. CV-2016-901521) will be dismissed without prejudice unless the state court judge requires that it be stayed and placed on the court's

---

[1] The Bank is obtaining updated appraisals for the properties. If a property sale is closed before its appraisal is updated, the release price will be calculated using the existing appraisal amount; if a property sale is closed after its appraisal is updated, the release price will be calculated using the updated appraisal amount.

Case 16-81422-CRJ11 Doc 58-96 Filed 02/16/17 Entered 02/16/17 10:02:36 Desc
Main Document Exhibit Page 4 of 12 Page 4 of 7

administrative docket. In either event, Mrs. Dombrowski will sign a tolling agreement if requested by the Bank, and the Bank will not prosecute its claims against her so long as Mr. Dombrowski's Bankruptcy is confirmed and he does not default under this agreement or his Plan of Reorganization.

J. Debtor will incorporate the terms of this agreement into his Plan of Reorganization, and the Bank will support this treatment of its claim in the Debtor's Plan and not vote against or object to said Plan.

K. Mr. Dombrowski and the Bank will jointly move the Bankruptcy Court to vacate or set aside its order denying relief from stay to the Bank. The Bank may declare this agreement null and void if the Bankruptcy Court does not agree to set aside the order.

L. Mr. and Mrs. Dombrowski will provide any funds needed to repair and refurbish Units A and B of 617 John Wesley Dobbs. These funds will be non-refundable and will not count as a credit or payment towards the loan debt.

M. In addition to the October 31, 2017 provision in Paragraph 15(E) above, by July 31, 2017, Debtor must pay the Bank at least $240,000.00 on its claim, which is approximately 25% of the loan balance.

N. Mr. and Mrs. Dombrowski will agree to reasonable charges and fees on the Bank's claim up to and as of the date that Mr. Dombrowski's bankruptcy plan is confirmed. The Bank may declare this agreement null and void if the Bankruptcy Court determines that the Bank's allowed secured claim does not include the amounts set out in Paragraph 4 herein.

O. Interest on the Bank's unpaid balance will be calculated at 4.75% per annum.

P. After confirmation of Debtor's Bankruptcy plan, Mr. and Mrs. Dombrowski will be responsible for any further Bank attorneys fees only in the event that they default on this agreement or if there is a default under the plan with regard to the treatment of the Bank's claim.

Q. If Mr. and Mrs. Dombrowski find that they have sufficient funds in cash or from a sale of property not pledged as collateral to the Bank, they will have the right to redeem rather than sell any of the real properties from the Bank at 100% of the Bank's value for each property as set out in the chart attached as **Exhibit "A"** hereto.

R. If the Bank concludes that Mr. Dombrowski is in default under his plan, or concerning payment of insurance premiums, property taxes or the payments to the Bank, the Bank will send notice of such default to Debtor at his last known residence and a copy to his bankruptcy counsel of record. Thereafter, Mr. Dombrowski will have fourteen (14) days to cure the default.

## IV. Business Justification for Compromise and Settlement

16.     Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises and settlements. The approval or rejection of a compromise is left to the sound discretion of the bankruptcy court, and is to be determined by the particular circumstances of each proposed compromise. The term "sound discretion" denotes the absence of a hard-and-fast rule. When invoked as a guide to judicial action, it means a decision giving due regard to what is right and equitable under the particular circumstances of the case and applicable law. Langes v. Green, 282 U.S. 531, 541 (1931).

17.     The courts have supplied the following criteria when determining the acceptability of a proposed compromise:

(i)     The probability of success in the litigation;
(ii)    The complexity of the litigation involved; and
(iii)   The expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets).

Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990) and In re Jackson Brewing Co., 624 F.2d 605, 607 (5th Cir. 1980). See also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968). The court is required to decide whether the settlement falls below the lowest point in a range of reasonableness. Anacona-Ericsson v. Hennson (In re Teletronics Services, Inc.), 762 F.2d 185, 187-89 (2d Cir. 1985) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert denied 464 U.S. 822 (1984)).

18.     Although the parties each believe strongly in their respective claims and defenses, each also recognizes the risks inherent in any litigation.

19.     A settlement of the parties' disputes in accordance with this Motion will result in the resolution of these claims and minimize the Estate's administrative costs.

20.     The proposed compromise and settlement is consistent with the intent and the requirements of the Bankruptcy Code.

21.     This settlement and compromise is proposed in good faith and is the product of arms-length negotiations that have occurred between the parties over an extended period of time.

## V. Request for Indicative Ruling Pursuant to Rule 8008

22.     Due to the Appeal, the Bankruptcy Court may lack jurisdiction to approve certain parts of the settlement, including the requirement that the Bankruptcy Court vacate or set aside its order denying relief from stay to the Bank.

23. Rule 8008(a)(3) of the Federal Rules of Bankruptcy Procedure provides that in an instance where a bankruptcy court may lack authority to grant a motion due to a pending appeal, the bankruptcy court may make an "indicative ruling" that it would grant the motion if the appellate court remands the appeal for that purpose.

24. In advance of filing this compromise motion, the parties moved the U.S. District Court to remand the Appeal to the Bankruptcy Court for approval of the settlement. But the U.S. District denied their request without prejudice because the parties had not obtained an indicative ruling from the Bankruptcy Court pursuant to Rule 8008. A copy of the U.S. District Court's Order is attached hereto as **Exhibit "B."**

## VI. Conclusion

WHEREFORE, PREMISES CONSIDERED, the parties request that the Bankruptcy Court:

A. Enter an order indicating that it will approve the compromise and settlement by and between the Debtor and the Bank in accordance with the terms of this Motion upon remand of the Appeal;

B. Upon remand of the Appeal, enter a final order approving the compromise and settlement; and authorizing the parties to execute and deliver any and all other documents which may be necessary or appropriate to effectuate the compromise and settlement described herein; and granting such further and different relief as the Bankruptcy Court may deem just and appropriate.

Respectfully submitted this the 16th day of December, 2016.

| | |
|---|---|
| /s/ Bradley R. Hightower | /s/ Tazewell T. Shepard |
| Daniel D. Sparks | Tazewell T. Shepard |
| Bradley R. Hightower | Kevin M. Morris |
| *Attorneys for First Commercial Bank* | Tazewell T. Shepard IV |
| | *Attorneys for Debtor-in-possession* |
| **CHRISTIAN & SMALL LLP** | **SPARKMAN, SHEPARD & MORRIS, P.C.** |
| 1800 Financial Center | P.O. Box 19045 |
| 505 20th Street North | Huntsville, AL 35804 |
| Birmingham, AL 35203 | Tel: (256) 512-9924 |
| Tel: (205) 795-6588 | Fax: (256) 512-9837 |

Case 16-83114-CRJ11 Doc 5896 Filed 12/16/16 Entered 12/16/16 13:02:36 Desc Main Document Page 7 of 12

## CERTIFICATE OF SERVICE

    This is to certify that I have this 16th day of December, 2016 served the foregoing motion on all parties as listed on the Clerk's Certified Matrix (**attached hereto**) and Richard Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602 by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

                                            */s/ Bradley R. Hightower*
                                            Bradley R. Hightower

Label Matrix for local noticing
1126-8
Case 16-81412-CRJ11
NORTHERN DISTRICT OF ALABAMA
Decatur
Fri Dec 16 12:56:21 CST 2016

BANK OF AMERICA, N.A.
c/o Pierce Ledyard, PC
P.O. Box 161389
Mobile, AL 36616-2389

Cobblestone Condominium Assoc.
c/o Ray Uhrig
2611 Artie St SW Suite 1
Huntsville, AL 35805-4750

Cornerstone Bank
c/o C. Paul Davis
Davis Law Firm, P.C.
2313 Market Place
Suite D
Huntsville, AL 35801-5274

First Commercial Bank, Division of Synovus B
% B. Hightower, D. Sparks
Christian & Small LLP
1800 Financial Center
505 North 20th Street
Birmingham, AL 35203-4633

First Tennessee Bank National Association
Special Assets Group
P.O. Box 28100
Nashville, TN 37202-8100

Liberty Community Association, Inc.
c/o Lueder, Larkin & Hunter, LLC
5900 Windward Parkway, Suite 390
Alpharetta, GA 30005-5479

Progress Bank
c/o Chad W. Ayres
P. O. Box 2168
Huntsville, AL 35804-2168

Sevier County Bank
c/o Stuart M Maples
200 Clinton Ave West Ste 1000
Huntsville, AL 35801-4919

Synovus Bank
c/o Christian & Small LLP
1800 Financial Center
505 N. 20th Street
Birmingham, AL 35203-4633

Tennessee Bank National Association
c/o Thomas W. Lawless
701 Broadway
Nashville, TN 37203-3944

U. S. Bankruptcy Court
400 Well Street
P. O. Box 2775
Decatur, AL 35602-2775

American Express
Customer Service
P O Box 981535
El Paso, TX 79998-1535

*Cobblestone Condo Assn
P O Box 22116
Huntsville, AL 35814-2116

*Cornerstone
2060 Mt Paran Rd Ste 100
Atlanta, GA 30327-2935

First Tennessee
c/o Jeanna McWilliams
511 Union St 5th Fl
Nashville, TN 37219-1736

*Fulton County Tax Commissioner
141 Pryor St
Atlanta, GA 30303-3446

*Gilmer County Tax Commissioner
1 Broad St Ste 105
Ellijay, GA 30540-9045

Legacy Mountain HOA
P O Box 10686
Knoxville, TN 37939-0686

*Lynda Hall Tax Collector
Madison County Courthouse
100 Northside Sq
Huntsville, AL 35801-4876

*Philip G. Dombrowski
14007 Astalot Dr
Huntsville, AL 35803-2465

Piedmont Lending
c/o Chandler Doughty
P O Box 1578
Roswell, GA 30077-1578

*Progress Bank and Trust
201 Williams Ave
Huntsville, AL 35801-4308

*Progress Bank and Trust
c/o Clint Kirkland
201 Williams Ave
Huntsville, AL 35801-4308

Sevier County Bank
P O Box 5288
Sevierville, TN 37864-5288

*Sevier County Bank
c/o Jack Williams
P O Box 5288
Sevierville, TN 37864-5288

*Sevier County Trustee
125 Court Ave Rm 212W
Sevierville, TN 37862-3596

Synovus
Managed Assets
P O Box 105233
Atlanta, GA 30348-5233

*Synovus
c/o Jeff Spielberger
P O Box 105233
Atlanta, GA 30348-5233

*USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, TX 78288-9876

United Community Bank
58 Industrial Blvd
Ellijay, GA 30540-3786

AMERICAN EXPRESS BANK FSB
C/O BECKET AND LEE LLP
PO BOX 3001
MALVERN PA 19355-0701

Bank of America
P O Box 650070
Dallas, TX 75265-0070

City Hall Bremen GA
132 Tallapoosa St
Bremen, GA 30110-2045

Federal National Mortgage Association (Fanni
Seterus, Inc. as Servicer for
Federal National Mortgage Association
P.O. Box 1047
Hartford, CT 06143-1047

First Tennessee Bank National Association
P.O. Box 28100
Nashville, TN 37202-8100

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Mobile County
Revenue Commissioner's Office
P O Drawer 1169
Mobile, AL 36633-1169

Paulding County Tax Commissioner
240 Constitution Blvd Rm 305
Dallas, GA 30132-4614

Regions Bank
Consumer Collections      BH40402B
P. O. Box 10063
Birmingham, AL 35202-0063

A-1 Surfside Storage
280 S Surfside Drive
Port Hueneme, CA 93041-3524

Baldwin County Revenue Commission
1705 U S Hwy 31 S
Bay Minette, AL 36507-2614

Breckenridge Assn., Inc.
100 Brownsridge Lane
Madison, AL 35758-2406

Cobblestone Condominium Association, Inc.
C/O Ray Uhrig
Uhrig Law Firm
2611 Artie St. SW, Ste. 1
Huntsville, AL 35805-4750

First Commercial Bank
a Division of Synovus Bank
800 Shades Creek Parkway
Birmingham, AL 35209-4532

GSRAN-Z Servicing Account
P O Box 71275
Philadelphia, PA 19176-6275

Liberty Community Assn
c/o Lueder, Larkin & Hunter, LLC
5900 Winward Pkwy Ste 390
Alpharetta, GA 30005-5479

Morgantown POA
P O Box 1626
Gulf Shores, AL 36547-1626

Piedmont Capital Lending, L.L.C.
c/o Morris Manning & Martin, LLP, Lynn W
990 Hammond Drive, #300
Atlanta, GA 30328-5519

Regions Bank
P O Box 11407
Birmingham, AL 35246-0100

ALA DEPT OF REVENUE LEGAL DIV
P.O. BOX 320001
MONTGOMERY, AL 36132-0001

Baldwin County Revenue Commission
P O Box 1389
Bay Minette, AL 36507-1389

Charlotte A. Dombrowski
200 Walker Ave
Huntsville, AL 35801-4156

Douglas County Tax Commissioner
P O Box 1177
Douglasville, GA 30133-1177

First Tennessee
511 Union St 5th Fl
Nashville, TN 37219-1736

Haralson County Tax Commissioner
P O Box 330
Buchanan, GA 30113-0330

MCA Properties, East Coast Properties
240 Constitution BLVD.
Dallas, Georgia 30132-4614

Northshore GA POA
P O Box 5237
Saint Marys, GA 31558-5237

Piedmont Lending
P O Box 1578
Roswell, GA 30077-1578

Seabreeze Condo Owners
27051 Towne Centre Dr Ste 200
Foothill Ranch, CA 92610-2819

| | | |
|---|---|---|
| Secretary of the Treasury<br>1500 Pennsylvania Ave., NW<br>Washington, DC 20220-0001 | Seterus<br>P O Box 1077<br>Hartford, CT 06143-1077 | Somar Lofts COA<br>95 Forsyth St #6A<br>Atlanta, GA 30303-3478 |
| State of Alabama<br>Department of Revenue<br>50 North Ripley Street<br>Montgomery, AL 36132-0001 | Synovus<br>Jeff Spielberger<br>P O Box 105233<br>Atlanta, GA 30348-5233 | Thomas W Lawless<br>Suite 403 The Customs House<br>701 Broadway<br>Nashville, TN 37203-3944 |
| U.S. Securities and Exchange Commission<br>Regional Director, Branch of Reorganizat<br>Atlanta Regional Office, Suite 900<br>950 East Paces Ferry Road<br>Atlanta, GA 30326-1180 | USAA SAVINGS BANK<br>C O WEINSTEIN & RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 | Uncle Bob's Self Storage<br>7015 Hwy 72 W<br>Huntsville, AL 35806-1727 |
| United States Attorney<br>Northern District of Alabama<br>1801 Fourth Avenue North<br>Birmingham, AL 35203-2101 | United States Bankruptcy Administrator<br>Northern District of Alabama<br>1800 Fifth Avenue North<br>Birmingham, AL 35203-2111 | J Thomas Corbett<br>Birmingham<br>1800 5th Avenue North<br>Birmingham, AL 35203-2111 |
| Michael G. Dombrowski<br>200 Walker Avenue<br>Huntsville, AL 35801-4156 | Richard M Blythe<br>United States Bankruptcy Administrator<br>PO Box 3045<br>Decatur, AL 35602-3045 | Tazewell Shepard<br>Tazewell Shepard, P.C.<br>PO BOX 19045<br>HUNTSVILLE, AL 35804-9045 |
| Tazewell T Shepard<br>Tazewell Shepard, Trustee<br>PO Box 19045<br>Huntsville, AL 35804-9045 | Tazewell Taylor Shepard IV<br>Sparkman, Shepard & Morris, P.C.<br>P.O. Box 19045<br>Huntsville, AL 35804-9045 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u) Federal National Mortgage Association (Fa | (u)ALA DEPT OF REVENUE LEGAL DIVISION P O BOX | (u)SETERUS, INC. |
| (u)United Community Bank | (d)Cornerstone Bank<br>c/o C.Paul Davis<br>Davis Law Firm, P.C.<br>2313 Market Place, Suite D<br>Huntsville, AL 35801-5274 | (d)GSRAN-Z Servicing Account<br>P. O. Box 71275<br>Philadelphia, PA 19176-6275 |
| (d)Liberty Community Association, Inc.<br>c/o Lueder, Larkin & Hunter, LLC<br>6900 Windward Parkway, Suite 390<br>Alpharetta, GA 30005-5479 | (d)Progress Bank & Trust<br>201 Williams Avenue<br>Huntsville, AL 35801-4308 | (d)Sevier County Bank<br>c/o Stuart M. Maples<br>200 Clinton Ave. West<br>Suite 1000<br>Huntsville, AL 35801-4919 |

u) State of Alabama
Department of Revenue 50 North Ripley St

End of Label Matrix
Mailable recipients    76
Bypassed recipients    10
Total                  86

# EXHIBIT A

# Exhibit A

| Real Estate | Ownership | Bank's Value |
|---|---|---|
| 4 BR Rental Home 1013 Constitution Way Cumming, GA 30040 | Michael Dombrowski | $205,000[1] |
| Vacant Lot Morgantown Beach Lot Gulf Shores, AL | Michael Dombrowski | $517,000 |
| 1 BR Rental Condo, 57 Forsyth Unit 4C, Atlanta, GA 30303 | MCA Properties, L.L.C. | $83,000 |
| 2 BR Vacant Condo, 617 John Wesley Dobbs Ave. #A, Atlanta, GA 30312 | East Coast Properties, L.L.C. | $270,000 |
| 2 BR Second Residence Condo, 617 John Wesley Dobbs Ave. #B, Atlanta, GA 30312 | East Coast Properties, L.L.C. | $270,000 |
| 1 Vacant Subdivision, Horseshoe Bend, Dallas, GA 30157 | East Coast Properties, L.L.C. | $175,000[2] |
| 1 Vacant Subdivision, Little Creek Manor, Dallas, GA 30157 | East Coast Properties, L.L.C. | $100,000[3] |

---

[1] Per the first exception in Paragraph 15.G of the compromise motion, the release price for this property shall not be determined based upon the Bank's value of $205,000. Rather, the Bank will release its lien upon receipt of all net proceeds after satisfaction of the first mortgage of Piedmont Capital (the first priority lien holder).

[2] Per the second exception in Paragraph 15.G of the compromise motion, the release price for this property shall not be determined based upon the Bank's value of $175,000. Rather, each lot will have a release price of $5,000.

[3] Per the second exception in Paragraph 15.G of the compromise motion, the release price for this property shall not be determined based upon the Bank's value of $100,000. Rather, each lot will have a release price of $5,000.

# EXHIBIT B

FILED
2016 Dec-12 PM 05:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **FIRST COMMERCIAL BANK,** *a division of Synovus Bank*, | ) ) ) |
| APPELLANT, | ) Chapter 11 Case No.: 16-81412-CRJ-11 |
| v. | ) ) Case No.: 5:16-CV-1380-VEH |
| **MICHAEL G. DOMBROWSKI,** | ) ) |
| APPELLEE. | ) ) |

## ORDER

On November 28, 2016, Appellant First Commercial Bank and Appellee Michael G. Dombrowski jointly moved this Court to remand this appeal to the Bankruptcy Court for the Northern District of Alabama, pursuant to Rule 8008 of the Federal Rules of Bankruptcy Procedure. (Doc. 13). Rule 8008 states as follows:

> **(a) Relief pending appeal.** If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may:
>
> **(1)** defer considering the motion;
>
> **(2)** deny the motion; or
>
> **(3)** state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue.

**(b) Notice to the court where the appeal is pending**. The movant must promptly notify the clerk of the court where the appeal is pending if the bankruptcy court states that it would grant the motion or that the motion raises a substantial issue.

**(c) Remand after an indicative ruling**. If the bankruptcy court states that it would grant the motion or that the motion raises a substantial issue, the district court or BAP may remand for further proceedings, but it retains jurisdiction unless it expressly dismisses the appeal. If the district court or BAP remands but retains jurisdiction, the parties must promptly notify the clerk of that court when the bankruptcy court has decided the motion on remand.

FED. R. BANKR. P. 8008.

The parties' joint Motion for Remand (doc. 13) has promptly notified this court that the parties have reached a settlement of the issue pending on appeal. However, they have failed to attach any statement by the Bankruptcy Court "that it would grant the motion [if this court remands the case] or that the motion raises a substantial issue."

Therefore, the Motion is **DENIED** without prejudice to another motion seeking the same relief but attaching the required Bankruptcy Court statement.

**DONE** and **ORDERED** this the 12th of December, 2016.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge