# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

In re: Michael G. Dombrowski, ) Case No.: 16-81412-CRJ-11
SSN: xxx-xx-4413 )
)
Debtor. ) CHAPTER 11

## JOINT MOTION FOR APPROVAL OF
## COMPROMISE AND SETTLEMENT

COME NOW Michael G. Dombrowski, as Chapter 11 Debtor-in-Possession ("Debtor"), and Bank of America ("Creditor"), and respectfully represent that they have reached an agreement to settle and compromise the claims and disputes involved in the Debtor's Chapter 11 case. As grounds for this motion, the parties state the following:

### I. Background

1. On May 11, 2016 (the "Commencement Date"), the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2. The Debtor continues to be authorized to operate the business as Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor is an active real estate investor with numerous real properties in Alabama and several other states. In addition to his own properties, the Debtor is a member or member/owner of several limited liability companies that own real properties.

4. Prepetition, the Debtor contracted with Creditor, or its predecessor in interest, for the loan of money to acquire real property (the "loan").

5. Pursuant to its filed proof of claim in this matter, the Creditor asserted that the loan's remaining balance and collateral is as follows:

Claim 17-1   Loan balance of $247,146.64 as September 07, 2016
             Secured by mortgage on 3565 W. Hemlock St., Oxnard,
             CA 93035

(the "Proof of Claim").

6. Following the commencement date, a dispute arose between the Debtor and the Creditor regarding the Debtor's treatment of the Creditor's claim under the terms of his Plan for Reorganization (the "dispute").

7. To resolve the dispute and all other ancillary or collateral matters between these parties, the Debtor and the Creditor propose this compromise and settlement to the Court. The parties aver that this proposed resolution is in the best interest of each party and the bankruptcy estate as a whole.

## II. Jurisdiction and Notice

8. The parties bring this Motion for approval of compromise and settlement (this "Motion") pursuant to § 105 of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). This Motion is a contested matter under Bankruptcy Rule 9014.

9. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). To the extent that this Court is being asked to enter a final order on any non-core matter, the parties expressly consent to the entry of a final order.

10. Pursuant to Bankruptcy Rule 2002, the parties propose to serve a copy of this Motion upon the Bankruptcy Administrator, all creditors, and all parties requesting notice.

11. Pursuant to Bankruptcy Rule 2002, the parties propose that the Bankruptcy Court provide no less than 20 days' notice by mail to all creditors of the time within which objections to the relief requested in this Motion must be filed and of the hearing on any such objections.

## III. Agreement for Compromise and Settlement

12. The agreement by and between the Debtor and the Creditor to resolve all issues involved in the Chapter 11 case is as follows:

    A. The Creditor's Loan Documents will be modified as follows:

        Claim 17-1    Note will be reamorized upon confirmation of the Debtor's Plan on a 37-year payment schedule at a fixed interest rate set 15 days after the confirmation of the Debtor's Plan at the Fannie Mae Standard Modification Interest Rate, as published on the following website: https://www.fanniemae.com/content/guide_exhibit/fannie-mae-standard-modification-interest-rate.pdf.

    B. Debtor will incorporate the terms of this agreement into his Plan of Reorganization, and the Creditor will support this treatment of its claim in the Debtor's Plan and not vote against and withdraw its pending objection to said Plan.

    C. If the Creditor concludes that the Debtor is in default under his plan, or concerning the payments to the Creditor, the Creditor will send notice of such default to Debtor at his last known residence and a copy to his bankruptcy counsel of record. Thereafter, the

2

Debtor will have twenty-one (21) calendar days to cure the default from the date the notice is sent.

## IV. Business Justification for Compromise and Settlement

13. Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises and settlements. The approval or rejection of a compromise is left to the sound discretion of the bankruptcy court, and is to be determined by the particular circumstances of each proposed compromise. The term "sound discretion" denotes the absence of a hard-and-fast rule. When invoked as a guide to judicial action, it means a decision giving due regard to what is right and equitable under the particular circumstances of the case and applicable law. Langes v. Green, 282 U.S. 531, 541 (1931).

14. The courts have supplied the following criteria when determining the acceptability of a proposed compromise:

   (i)   The probability of success in the litigation;
   (ii)  The complexity of the litigation involved; and
   (iii) The expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets).

Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990) and In re Jackson Brewing Co., 624 F.2d 605, 607 (5th Cir. 1980). See also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968). The court is required to decide whether the settlement falls below the lowest point in a range of reasonableness. Anacona-Ericsson v. Hennson (In re Teletronics Services, Inc.), 762 F.2d 185, 187-89 (2d Cir. 1985) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert denied 464 U.S. 822 (1984)).

15. Although the parties each believe strongly in their respective claims and defenses, each also recognizes the risks inherent in any litigation.

16. A settlement of the parties' disputes in accordance with this Motion will result in the resolution of these claims and minimize the Estate's administrative costs.

17. The proposed compromise and settlement is consistent with the intent and the requirements of the Bankruptcy Code.

18. This settlement and compromise is proposed in good faith and is the product of arms-length negotiations that have occurred between the parties over an extended period of time.

3

## V. Conclusion

WHEREFORE, PREMISES CONSIDERED, the parties request that the Bankruptcy Court:

A. Enter a final order approving this compromise and settlement; authorizing the parties to execute and deliver any and all other documents which may be necessary or appropriate to effectuate the compromise and settlement described herein; and

B. Granting such further and different relief as the Bankruptcy Court may deem just and appropriate.

Respectfully submitted this the 22nd day of August, 2017.

| | |
|---|---|
| */s/ Jeanna D. Chappell* | */s/ Tazewell T. Shepard IV* |
| Jeanna D. Chappell | Tazewell T. Shepard III |
| *Attorney for Bank of America* | Tazewell T. Shepard IV |
| | *Attorneys for Debtor-in-possession* |

| | |
|---|---|
| **PIERCE LEDYARD PC** | **SPARKMAN, SHEPARD & MORRIS, P.C.** |
| 3801 Airport Blvd. | P.O. Box 19045 |
| Mobile, AL 36608 | Huntsville, AL 35804 |
| Tel: (251) 338-1300 | Tel: (256) 512-9924 |
| Fax: (251) 338-1305 | Fax: (256) 512-9837 |

## CERTIFICATE OF SERVICE

This is to certify that I have this the 22nd day of August, 2017 served the foregoing motion on all parties as listed on the Clerk's Certified Matrix and Richard Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602 by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV

4