**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| In re: Michael G. Dombrowski, <br> SSN: xxx-xx-4413 <br><br> Debtor. | ) <br> ) <br> ) <br> ) | Case No.: 16-81412-CRJ-11 <br><br><br> CHAPTER 11 |

**JOINT MOTION FOR APPROVAL OF
COMPROMISE AND SETTLEMENT**

COME NOW Michael G. Dombrowski, as Chapter 11 Debtor-in-Possession ("Debtor"), and Cornerstone Bank ("Bank"), and respectfully represent that they have reached an agreement to settle and compromise the claims and disputes involved in the Debtor's Chapter 11 case. As grounds for this motion, the parties state as follows:

### I. Background

1. On May 11, 2016 (the "Commencement Date"), the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2. The Debtor continues to be authorized to operate the business as Debtor-in Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor is an active real estate investor with numerous real properties in Alabama and several other states. In addition to his own properties, the Debtor is a member or member/owner of several limited liability companies that own real properties.

4. Between April and September 2012, East Coast Properties, LLC ("East Coast"), a limited liability company wholly owned by the Debtor, contracted with the Bank for the following: a loan totaling $192,000.00 secured by real property located at 1415 Butler Avenue, Unit 19, Tybee Island, GA 31328 ("Unit 19"); and a home equity line of credit of up to $51,000.00 secured by real property located at 75 Ponce de Leon Avenue NE, #1006, Atlanta, GA 30308 ("75 Ponce"). The Debtor also personally contracted with Bank for a loan totaling $189,000.00 secured by real property located at 1415 Butler Avenue, Unit 16, Tybee Island, GA 31328 ("Unit 16");

5. As of the filing of its amended proofs of claim on May 26, 2017, the Bank asserted that it is owed:

    Claim 11 (Unit 19)    Total - $172,464.13 ($168,912.77 in principal, $184.69 in interest, and $3,366.67 in attorney's fees);

Claim 12 (Unit 16)        Total - $176,279.31 ($172,747.17 in principal, $165.47 in interest, and $3,366.67 in attorney's fees); and

Claim 13 (75 Ponce)       Total - $52,116.23 ($48,517.66 in principal, $231.90 in interest, and $3,366.67 in attorney's fees).

6. The Debtor is the sole owner and member of East Coast which currently holds title to the above-listed properties encumbered by the Bank's mortgages that collateralize the loans.

7. Following the commencement date, a dispute arose between the Debtor and the Bank regarding the Debtor's treatment of the Bank's claim under the terms of his Plan for Reorganization and the Bank's fees in his matter (the "dispute").

8. To resolve the dispute and all other ancillary or collateral matters between these parties, the Debtor and the Bank propose this compromise and settlement to the Court. The parties aver that this proposed resolution is in the best interest of each party and the bankruptcy estate as a whole.

## II. Jurisdiction and Notice

9. The parties bring this Motion for approval of compromise and settlement (this "Motion") pursuant to § 105 of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). This Motion is a contested matter under Bankruptcy Rule 9014.

10. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). To the extent that this Court is being asked to enter a final order on any non-core matter, the parties expressly consent to the entry of a final order.

11. Pursuant to Bankruptcy Rule 2002, the parties propose to serve a copy of this Motion upon the Bankruptcy Administrator, all creditors, and all parties requesting notice.

12. Pursuant to Bankruptcy Rule 2002, the parties propose that the Bankruptcy Court provide no less than 20 days' notice by mail to all creditors of the time within which objections to the relief requested in this Motion must be filed and of the hearing on any such objections.

## III. Agreement for Compromise and Settlement

13. The agreement by and between the Debtor, including where applicable East Coast, and the Bank to resolve the Bank's treatment in the Chapter 11 case is as follows:

A. The Bank's Proofs of Claim will be satisfied as set forth below:

i. The promissory note upon which Claim 11 is based (Unit 19) will be modified to mature on December 31, 2018. The contractual interest rate on this claim will remain unchanged. Bank will amend its Proof of Claim 11 to reduce its attorney's fees to $0.00;

ii. The contractual interest rate and maturity dates listed in the promissory note that forms the basis of Claim 12 (Unit 16) will remain unchanged. Bank will amend its Proof of Claim 12 to reduce its attorney's fees to $0.00;

iii. The promissory note upon which Claim 13 is based (75 Ponce) will be modified to mature on January 1, 2018. The contractual interest rate on this claim will remain unchanged. Bank will amend its Proof of Claim 13 to increase its attorney's fees to $5,000.00;

B. With regard to the attorney's fees listed in 13(A)(iii) above, the $5,000.00 in fees will be paid in full at the Debtor's closing on the sale of the collateral property. Should the collateral property fail to generate sufficient funds to pay Claim 13 in full, Debtor agrees to bring to closing any money necessary to satisfy the above-listed attorney's fees on this claim.

C. With regard to any parcel of collateral property that is not sold or under contract by the maturity dates specified in Paragraph 13(A) above, Debtor and the Bank agree and stipulate that the Automatic Stay, pursuant to 11 USC § 363 (the "Automatic Stay") shall be lifted, or modified, with regard to any deficiency balance in order to permit Bank to foreclose on collateral property in accordance with state law to satisfy any such deficiency without any further Hearings, or Order of the Court. In such event, Debtor will reasonably cooperate with the Bank if it chooses to pursue any other remedies that the Bank may have to recover possession of the property.

D. Debtor will incorporate the terms of this agreement into his Plan of Reorganization, and the Bank will support this treatment of its claim in the Debtor's Plan and not vote against and withdraw it pending objection to said Plan.

E. The Debtor will be responsible for any of the Bank's additional attorney's fees and/or expenses incurred in relation to this Chapter 11 proceeding only in the event that the Debtor defaults on this agreement or if there is a default under the plan with regard to the treatment of the Bank's claim.

F. If the Bank concludes that the Debtor is in default under his plan, or concerning the payments to the Bank, the Bank will send notice of such default to Debtor at his last known residence and a copy to his bankruptcy counsel of record. Thereafter, the Debtor will have twenty-one (21) calendar days to cure the default from the date the notice is sent.

### IV. Business Justification for Compromise and Settlement

14. Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises and settlements. The approval or rejection of a compromise is left to the sound discretion of the

bankruptcy court, and is to be determined by the particular circumstances of each proposed compromise. The term "sound discretion" denotes the absence of a hard-and-fast rule. When invoked as a guide to judicial action, it means a decision giving due regard to what is right and equitable under the particular circumstances of the case and applicable law. Langes v. Green, 282 U.S. 531, 541 (1931).

15. The courts have supplied the following criteria when determining the acceptability of a proposed compromise:

> (i) The probability of success in the litigation;
> (ii) The complexity of the litigation involved; and
> (iii) The expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets).

Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990) and In re Jackson Brewing Co., 624 F.2d 605, 607 (5th Cir. 1980). See also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968). The court is required to decide whether the settlement falls below the lowest point in a range of reasonableness. Anacona-Ericsson v. Hennson (In re Teletronics Services, Inc.), 762 F.2d 185, 187-89 (2d Cir. 1985) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert denied 464 U.S. 822 (1984)).

16. Although the parties each believe strongly in their respective claims and defenses, each also recognizes the risks inherent in any litigation.

17. A settlement of the parties' disputes in accordance with this Motion will result in the resolution of these claims and minimize the Estate's administrative costs.

18. The proposed compromise and settlement is consistent with the intent and the requirements of the Bankruptcy Code.

19. This settlement and compromise is proposed in good faith and is the product of arms-length negotiations that have occurred between the parties over an extended period of time.

### V. **Conclusion**

WHEREFORE, PREMISES CONSIDERED, the parties request that the Bankruptcy Court:

A. Enter a final order approving this compromise and settlement; authorizing the parties to execute and deliver any and all other documents which may be necessary or appropriate to effectuate the compromise and settlement described herein; and

B. Granting such further and different relief as the Bankruptcy Court may deem just and appropriate.

Respectfully submitted this the 4th day of August, 2017.

| | |
|---|---|
| */s/Mitchell S. Rosen* | */s/ Tazewell T. Shepard IV* |
| Mitchell S. Rosen | Tazewell T. Shepard IV |
| *Attorney for Cornerstone Bank* | *An Attorney for Debtor-in-possession* |
| | |
| **KITCHENS KELLEY GAYNES P.C.** | **SPARKMAN, SHEPARD & MORRIS, P.C.** |
| 5555 Glenridge Connector, Suite 800 | P.O. Box 19045 |
| Atlanta, GA 30342 | Huntsville, AL 35804 |
| Tel: (404) 237-4100 | Tel: (256) 512-9924 |
| Fax: (404) 364-0126 | Fax: (256) 512-9837 |

### CERTIFICATE OF SERVICE

This is to certify that I have this 4th day of August, 2017 served the foregoing motion on all parties as listed on the Clerk's Certified Matrix and Richard Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602 by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV