# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In the matter of: ) | |
| ) | |
| Michael G. Dombrowski, ) | Case No.: 16-81412-CRJ-11 |
| SSN: xxx-xx-4413 ) | |
| ) | |
| Debtor. ) | CHAPTER 11 |
| ) | |

## ORDER CONFIRMING DEBTOR'S
## CHAPTER 11 PLAN OF REORGANIZATION

This matter came before the Court on August 22, 2017, in Huntsville, Alabama, at a hearing on confirmation of the Amended and Restated Plan of Reorganization (Doc. 485) (the "Plan") filed by Michael G. Dombrowski (the "Debtor") on July 19, 2017. The attorneys present in open court were Tazewell T. Shepard, III, ("Tazewell Shepard") and Tazewell T. Shepard, IV ("Ty Shepard"), for the Debtor; Bradley Hightower, for PNL SV, LLC, successor to First Commercial Bank; Stuart Maples, for Sevier County Bank; and Richard Blythe, for the Bankruptcy Administrator. The Debtor and the Debtor's expert witness, Benjamin Wilson, were also present.

The Court had jurisdiction to conduct the hearing and to confirm the Plan pursuant to 28 U.S.C. § 1334. Confirmation of a Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto. Further, the Debtor is a proper Debtor under 11 U.S.C. § 109 of the Bankruptcy Code and the Debtor is a proper proponent of the Plan under 11 U.S.C. § 1121(a).

The record reflects that a copy of the Debtor's Plan was properly served upon the creditors and equity security holders, and it further appears that proper notice of the confirmation hearing was sent to all interested parties in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure. Moreover, Tazewell Shepard stated to the Court that a ballot was enclosed with the Debtor's Plan when it was sent to all parties listed on the mailing matrix and that his office sent out ballots a second time several weeks before this hearing.

Mr. Shepard addressed the Court on the following pertinent facts concerning how the Plan classifies claims and how the claims voted, as follows:

Class 1 - Secured Claim held by Bank of America. This class is impaired. It had voted to reject the Plan but settled with the Debtor on the day before this hearing and accepted the Plan.

Class 2 - Secured Claim held by Specialized Loan Servicing, LLC. This class is impaired. It did not vote.[1]

Class 3 - Secured Claim held by Seterus, Inc. This class is impaired. It voted to accept the Plan.

Class 4 - Secured Claim held by Seterus, Inc. This class is impaired. It voted to accept the Plan.

Class 5 - Secured Claim held by U.S. Bank Trust N.A., as trustee of Bungalow Series F Trust. This class is impaired. It did not vote.

Class 6 - Secured Claim held by Seterus, Inc. This class is impaired. It had voted to reject the Plan but settled with the Debtor on the day before this hearing and accepted the Plan.

Class 7 - Secured Claim held by Seterus, Inc. This class is impaired. It voted to accept the Plan.

Class 8 - Secured Claim held by Seterus, Inc. This class is impaired. It voted to accept the Plan.

Class 9 - Secured Claim held by Cornerstone Bank. This class is impaired. It voted to accept the Plan.

Class 10 - Secured Claim held by Cornerstone Bank. This class is impaired. It voted to accept the Plan.

Class 11 - Secured Claim held by Cornerstone Bank. This class is impaired. It voted to accept the Plan.

---

[1] Mr. Shepard stated to the Court that the Debtor's Report on Creditors' Ballots Filed Concerning Debtor's Plan of Reorganization (Doc. 533) contained an error in that it showed Class 2 as voting to reject the Plan. Mr. Shepard explained that when the report was prepared, he did not realize that Bank of America had sold the claim in Class 2 to Specialized Loan Servicing, LLC. Thus, Bank of America's vote to reject and later to accept the Plan pertained only to the claim in Class 1. The entity that purchased the claim in Class 2 did not vote on the Debtor's Plan.

Class 12 - Secured Claim held by Progress Bank. This class is impaired. It voted to accept the Plan.

Class 13 - Secured Claim held by Progress Bank. This class is impaired. It voted to accept the Plan.

Class 14 - Secured Claim held by Progress Bank. This class is impaired. It voted to accept the Plan.

Class 15 - Secured Claim held by United Community Bank. This class is impaired. It settled with the Debtor and voted to accept the Plan.

Class 16 - Secured Claim held by Progress Bank. This class is impaired. It voted to accept the Plan.

Class 17 - Secured Claim held by Piedmont Capital Lending. This class is impaired. It did not vote.

Class 18 - Secured Claim held by Sevier County Bank. This class is impaired. It voted to accept the Plan.

Class 19 - Secured Claim held by First Tennessee Bank N.A. This class is impaired. It voted to accept the Plan.

Class 20 - Secured Claim held by PNL SV, LLC. This class is impaired. It voted to accept the Plan.

Class 21 - Secured Claim held by Liberty Community Assn. This class is impaired. It voted to accept the Plan.

Class 22 - Unsecured Claim held by American Express. This class is impaired. It voted to accept the Plan.

Class 23 - Interests of the Individual Debtor in Property. This class is not impaired and thus was not entitled to cast a ballot concerning the Plan. The Debtor elected to retain his interests in property of the Chapter 11 Estate.

In summary, Mr. Shepard stated for the record that nineteen (19) impaired classes voted to accept the Plan and that three impaired classes did not cast a vote for or against the Plan. In stating that there were no votes rejecting the Plan, he explained that he included as accepting the Plan several classes that settled with the Debtor before this hearing and asked him to inform the Court at this hearing of their changed vote. He also noted that all three of the entities that did not vote

possessed filed proofs of claim in this case and were listed on the mailing matrix for service of the Plan and for notice of this hearing.

Mr. Shepard announced that the Debtor would elect to incorporate the pending settlements with creditors into his Plan rather than delay confirmation until after the Court could rule at hearings on those settlement motions. Consequently, the Debtor requested, and the Court granted, leave to withdraw those pending settlement motions (Docs. 546, 552, and 554).

At this point, the Court asked Debtor's counsel to address the pending objections to confirmation. Tazewell Shepard and Ty Shepard stated for the record as follows:

1. The objection to confirmation by Federal National Mortgage Association[2] (Class 3 in the Plan) was withdrawn as Doc. 537 on August 17, 2017.

2. The objection to confirmation by Federal National Mortgage Association (Class 4 in the Plan) was withdrawn as Doc. 538 on August 17, 2017.

3. The objection to confirmation by Federal National Mortgage Association (Class 7 in the Plan) was withdrawn as Doc. 539 on August 17, 2017.

4. The objection to confirmation by Federal National Mortgage Association (Class 8 in the Plan) was withdrawn as Doc. 540 on August 17, 2017.

5. The objection to confirmation by Seterus, Inc. (Class 6 in the Plan) was withdrawn as Doc. 543 on August 21, 2017.

6. Alabama Department of Revenue (priority claim – not in a class in the Plan) was withdrawn as Doc. 545 on August 21, 2017.

---

[2] Unfortunately, several claims in this case have been referred to interchangeably in pleadings and court notices as "Federal National Mortgage Association" or "Fannie Mae", and as "Seterus, Inc." (Seterus is the servicing agent for Fannie Mae.) To avoid confusion, these claims are referenced herein by their class in the Plan.

7. The objection to confirmation by Internal Revenue Service (priority claim – not in a class in the Plan) was withdrawn as Doc. 548 on August 21, 2017.

8. The objection to confirmation by Bank of America (Class 1) was denied as Moot by virtue of the settlement between the Debtor and the creditor filed on the day of this hearing as Doc. 554.

The Court noted for the record that, in addition to counsels' representations concerning withdrawn objections, none of the objecting creditors appeared at this hearing in support of their objections.

Next, pursuant to 11 U.S.C. § 1129(b) the Court heard sworn testimony by the Debtor concerning the feasibility of his Plan. Mr. Dombrowski stated that the source of funds to make payments to creditors under the Plan will be future rental income and some liquidation of real estate collateral. He participated in the negotiations prior to every settlement with creditors in this case, and he was confident that the Estate could fulfill its settlement obligations. He also testified that his real estate investment and management business performed well during the sixteen months of this Chapter 11 case and that he did not have any concerns about adequate cash flow and equity in his real properties to assure a successful reorganization.

Upon consideration of the pleadings, testimony by the Debtor and the statements by counsel in open court, the Court ruled as follows:

A. The Plan complied with all applicable provisions of the Bankruptcy Code governing notice, disclosure, and solicitation in connection with the Plan, Disclosure Statement and all other matters considered by this Court in connection with this case, thereby satisfying § 1129(a).

B. In as much as the Plan carried all voting classes with 100% of the votes cast in those classes and the Plan provided that all allowed claims in this case will be paid in full, a "cram down" request was not necessary and consideration of 11 U.S.C. § 1129(b) unwarranted.

In as much as the Debtor elected to incorporate the pending settlements with creditors into his Plan rather than delay confirmation until after the Court could rule at hearings on those settlement motions, the Court instructed Debtor's counsel to circulate a red-lined and a clean-copy final amended plan, incorporating the various settlement terms, and a draft of this Order to all parties who had participated in this case. The Debtor will then file electronically a final Amended Plan of Reorganization, incorporating all amendments and settlements with this Court. This final Amended Plan of Reorganization will remain in the electronic case record for later review by any parties of interest.

Debtor's counsel having complied with these instructions, it is therefore **ORDERED, ADJUDGED** and **DECREED** that the Chapter 11 Plan of Reorganization filed by Michael G. Dombrowski, on July 19, 2017, and modified by the Debtor's Final Amended and Restated Plan of Reorganization (Doc. 569) filed on August 30, 2107, is hereby **CONFIRMED**.

Dated this the 5th day of September, 2017.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

**REVIEWED AND APPROVED:**

/s/     *Bradley R. Hightower*
Bradley R. Hightower on behalf of PNL SV, LLC,
successor to First Commercial Bank, a Division of
Synovus Bank

/s/     *Eric J. Breithaupt*
Eric J. Breithaupt on behalf of United Community Bank


/s/     *Donald M. Wright*

Donald M. Wright on behalf of Seterus, Inc.

/s/     *Joe A. Joseph*
Joe A. Joseph on behalf of First Tennessee Bank National Association

/s/     *Chad W. Ayers*
Chad W. Ayers on behalf of Progress Bank

/s/     *Stuart M. Maples*
Stuart M. Maples on behalf of Sevier County Bank

/s/     *C. Paul Davis*
C. Paul Davis on behalf of Cornerstone Bank

/s/     *Richard E. O'Neal*
Richard E. O'Neal on behalf of Insolvency Section, Internal Revenue Service

/s/     *Kelley A. Gillikin*
Kelley A. Gillikin on behalf of Alabama Department of Revenue

/s/     *Richard M. Blythe*
Richard M. Blythe on behalf of the Bankruptcy Administrator, J. Thomas Corbett