# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: Michael G. Dombrowski, ) | Case No.: 16-81412-CRJ-11 | |
| SSN: xxx-xx-4413 ) | | |
| ) | | |
| Debtor. ) | CHAPTER 11 | |
| ) | | |
| _____ ) | | |

## JOINT MOTION FOR APPROVAL OF
## COMPROMISE AND SETTLEMENT

COMES NOW Michael G. Dombrowski, as Chapter 11 Debtor-in-Possession (the "Debtor"), and Specialized Loan Servicing, LLC ("SLS") (collectively, the "Parties") and respectfully represent that they have reached an agreement to settle and compromise the claims and disputes involved in this disputed matter. As grounds, the Parties state the following:

### I. Background

1. On May 11, 2016, the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Petition Date"), commencing bankruptcy case number 16-81412-CRJ-11 (the "Bankruptcy Case").

2. The Debtor continues to be authorized to operate the business as Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor is an active real estate investor with numerous real properties in Alabama and several other states. In addition to his own properties, the Debtor is a member or member/owner of several limited liability companies that own real properties.

4. The Debtor is the owner of real property located at 549 Pt. Hueneme Road, Pt. Hueneme, CA 93041 (the "Property"). SLS holds a senior-priority mortgage on the Property, which is the basis of Claim 18 currently before this Court in this matter (the "Claim").

5. Bank of America, N.A. ("BoA") originally filed the Claim on September 7, 2016. BoA transferred the Claim to SLS, as an assignee, on April 11, 2017.

6. The Claim states a total amount due of $275,609.29, as of the Debtor's bankruptcy petition date of May 11, 2016 (the "Petition Date").

7. The Claim is itemized as follows:

- $267,578.79 principal owed (the "Principal Amount");
- $1,488.28 escrow owed (the "Escrow Amount");
- $868.96 fees owed (the "Fees Amount"); and
- $5,673.26 in interest (the "Interest Amount") owed.

8. Following the Commencement Date, a dispute arose between the Debtor and SLS regarding the correct calculation of the Claim and whether SLS was entitled to relief from the 11 U.S.C. § 362 Automatic Stay (the "Dispute").

9. The Bankruptcy Court set an evidentiary hearing on the following matters related to the Dispute:

- Doc #652; Evidentiary Hearing on Debtor's Objection to Claim # 18 of Specialized Loan Servicing, LLC;
- Doc #640; Evidentiary Hearing on Motion for Relief from Stay as to real property filed by Specialized Loan Servicing LLC; and
- Doc #701; Order to Show Cause Why Motion for Relief from Stay filed by Specialized Loan Servicing, LLC Should Not Be Denied.

10. To resolve the Dispute, the Debtor and SLS propose this compromise and settlement to the Court. The Parties aver that this proposed resolution is in the best interest of each party and the bankruptcy estate as a whole.

## II. Jurisdiction and Notice

11. The Parties bring this Motion for approval of compromise and settlement (this "Motion") pursuant to § 105 of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure. This Motion is a contested matter under Bankruptcy Rule 9014.

12. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). To the extent that this Court is being asked to enter a final order on any non-core matter, the parties expressly consent to the entry of a final order.

13. Pursuant to Bankruptcy Rule 2002, the parties propose to serve a copy of this Motion upon the Bankruptcy Administrator, the Debtor's 20 largest unsecured creditors, and all parties requesting notice in the Debtor's bankruptcy case.

14. Pursuant to Bankruptcy Rule 2002, the parties propose that the Bankruptcy Court provide no less than 20 days' notice by mail to all creditors of the time within which objections to the relief requested in this Motion must be filed and of the hearing on any such objections.

### III. Agreement for Compromise and Settlement

15. The agreement by and between the Parties to resolve all issues involved in the Dispute, including the correct calculation of credits, claims, expenses, fees, and other reimbursements incurred to date, is to modify the Claim as follows:

A. The unpaid principal, accrued interest, and escrow identified by Claim 18-1, in the total amount of $269,067.07, constitute the correct claim amount as of the Commencement Date;

B. The Debtor's payments made after the Commencement Date and before confirmation of his Plan of Reorganization, are to be subtracted from the Claim to arrive at a net claim amount. Interest is then computed from the effective confirmation date, as defined by the Plan, through April 1, 2019 and added to the net claim amount. Approved tax and insurance costs paid by SLS on behalf of the Debtor are also added to the net claim amount to determine the revised claim amount (the "Revised Claim Amount");

C. The Revised Claim Amount of **$279,888.80** is mutually agreed to and will constitute an approved claim amount. The Revised Claim will be paid according to the terms of the Plan. Payments will begin on May 1, 2019 and the claim will amortize through April 1, 2059;

D. Fixed monthly principal and interest payments will total $1,148.10. SLS will collect escrow to pay taxes and insurance on behalf of Debtor. SLS calculates an initial escrow monthly payment of $647.71. The escrow payment will be re-evaluated and reset according to standard practices; and

E. The Debtor will make an initial total monthly payment of **$1,795.81** beginning on **May 1, 2019**.

F.  So long as the Debtor does not default on the terms of this agreement, as it is incorporated into his Plan of Reorganization, this compromise and settlement will not constitute a default pursuant to the terms of the Debtor's contractual obligations to SLS, its successors, assigns, or any agents thereof.

G.  SLS's Motion for Relief from the Automatic Stay and the Debtor's Objection to Claim 18-1 are both hereby withdrawn as moot.

## IV. Business Justification for Compromise and Settlement

16. Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises and settlements. The approval or rejection of a compromise is left to the sound discretion of the Bankruptcy Court, and is to be determined by the particular circumstances of each proposed compromise. The term "sound discretion" denotes the absence of a hard-and-fast rule. When invoked as a guide to judicial action, it means a decision giving due regard to what is right and equitable under the particular circumstances of the case and applicable law. *Langes v. Green*, 282 U.S. 531, 541 (1931).

17. The courts have supplied the following criteria when determining the acceptability of a proposed compromise:

> (i)   The probability of success in the litigation;
>
> (ii)  The complexity of the litigation involved; and
>
> (iii) The expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets).

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990) and *In re Jackson Brewing Co.,* 624 F.2d 605, 607 (5th Cir. 1980). *See also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). The court is required to decide whether the settlement falls below the lowest point in a range of reasonableness. *Anacona-Ericsson v. Hennson (In re Teletronics Services, Inc.)*, 762 F.2d 185, 187-89 (2d Cir. 1985) (quoting *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert* denied 464 U.S. 822 (1984)).

18. Although the Parties each believe strongly in their respective claims and defenses, each also recognizes the risks inherent in any litigation.

19. A settlement of the Parties' disputes in accordance with this Motion will result in the resolution of these claims and minimize the bankruptcy estate's administrative costs.

20. The proposed compromise and settlement is consistent with the intent and the requirements of Title 11 of the U.S. Code.

21. This settlement and compromise is proposed in good faith and is the product of arms-length negotiations that have occurred between the parties over an extended period of time.

## V. Conclusion

WHEREFORE, PREMISES CONSIDERED, the Parties request that this Court:

A. Enter a final order approving this compromise and settlement; authorizing the parties to execute and deliver any and all other documents which may be necessary or appropriate to effectuate the compromise and settlement described herein; and

B. Granting such further and different relief as this Court may deem just and appropriate.

Respectfully submitted this the 28th day of March, 2019.

| | |
|---|---|
| */s/ Evan Eberhardt* | */s/ Tazewell T. Shepard IV* |
| Evan Eberhardt | Tazewell T. Shepard IV |
| *Attorney for Specialized Loan Servicing LLC* | *An Attorney for Debtor-in-Possession* |
| | |
| **JAUREGUI & LINDSEY, LLC** | **SPARKMAN, SHEPARD & MORRIS, P.C.** |
| 224 Inverness Center Drive, Ste. 200 | P.O. Box 19045 |
| Birmingham, AL 35242 | Huntsville, AL 35804 |

## CERTIFICATE OF SERVICE

This is to certify that I have this the 28th day of March, 2019 served the foregoing motion on the 20 largest unsecured creditors as listed on the Clerk's Certified Matrix, all parties requesting notice, and Richard Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602 by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV