# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **MICHAEL G. DOMBROWSKI,** | ) | **Case No. 16-81412-CRJ11** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |
| | ) | |
| | ) | |

### NATIONSTAR'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM 29

In response to Debtor's Objection to Claim 29 (Doc. 767 – the "**Claim Objection**"), Nationstar Mortgage, LLC d/b/a Mr. Cooper ("**Nationstar**") states the following:

1.      Debtor filed this Chapter 11 case on May 11, 2016. (Doc. 1).

2.      Claim 29 was filed by Seterus, Inc. ("**Seterus**") on behalf of Federal National Mortgage Association on September 9, 2016. Claim 29 is secured by a rental home (the "**Property**") located at 3621 Ketch Avenue, Oxnard, California 93035. Claim 29 was filed with an outstanding balance of $239,686.16 and $13,191.54 in prepetition arrears.

3.      Seterus initially objected to Debtor's attempts to confirm a Chapter 11 Plan including the Property, but a deal was reached in June of 2017 which resulted in Seterus voting for the Debtor's "Final Amended and Restated Plan of Reorganization" (the "**Plan**" – Doc. 569).

4.      A "Joint Motion for Approval of Compromise or Settlement" (the "**Motion to Approve**") was filed by Seterus and Debtor on June 28, 2017 and this Court entered an Order approving the compromise on July 27, 2017. (Docs. 446 and 494). As to Claim 29, the Motion to Approve states that the "Note will be [*sic*] reamorized upon confirmation of the Debtor's Plan on a 30-year payment schedule at a fixed interest rate of 4.00% per annum[.]" (Doc. 446, at ¶ 12(A)).

5.      The Motion to Approve provides the holder of Claim 29 a future relief provision as to subsequent defaults:

> If the Creditor concludes that the Debtor is in default under his plan, or concerning the payments to the Creditor, the Creditor will send notice of such default to Debtor at his last known residence and a copy to his bankruptcy counsel of record. Thereafter, the Debtor will have twenty-one (21) calendar days to cure the default from the date the notice is sent.

(Doc. 446, at ¶ 12(C)).

6.      Debtor's Plan was confirmed on September 5, 2017 (Doc. 577) and the Plan incorporated the terms of the Motion to Approve as Claim 29's Plan treatment, (*See* Doc. 569, at p. 12).

7.      Neither the Motion to Approve nor the Plan make Debtor's obligation to make payments as to Claim 29 contingent on re-amortization of the loan.

8.      Claim 29 was transferred to Nationstar on or around March 12, 2019. (Doc. 722).

9.      Nationstar has not received a single payment from Debtor as to Claim 29 since the transfer.

10.      The records Nationstar received from Seterus reflect that Debtor has not made a payment as to Claim 29, **in any amount**, since February, 2018.

11.      Since the Property is a rental property, it seems highly likely that Debtor has received rental income since February, 2018 while failing to submit any funds as to Claim 29.

12.      Nationstar issued a Notice of Default letter to Debtor and his counsel on May 8, 2019.

13.      The Notice of Default letter was not cured within the 21-day period referenced in the letter and allowed under the terms of the Motion to Approve. Likewise, Debtor did not file an objection to the Notice of Default letter with this Court.

14.      Thought it was not required by the Plan or Motion to Approve, Nationstar issued and filed a "Notice of Termination of Automatic Stay" letter (the "**NOT Letter**") on June 3, 2019.

2

DOCSBHM\2297978\1

(Doc. 744). The NOT Letter explained Nationstar's position as to the May 8, 2019 Notice of Default letter and its impact on the automatic stay. (*Id*.). The NOT Letter inadvertently referenced the wrong property address; however, it included the last four digits of the correct loan number as to Claim 29 and clearly identified Nationstar as the creditor. (*Id*.). Nothing was filed in response to the NOT letter.

15.     A second notice of termination (the **"Amended NOT Letter"**) was issued and filed on October 23, 2019 which corrects the Property address. (Doc. 771).

16.     It is Nationstar's position that the automatic stay has lifted as to the Property because Debtor has failed to make **any** payments as to Claim 29 since February, 2018 and Debtor failed to cure the Notice of Default.

17.     However, due to Debtor's Claim Objection, Nationstar has not foreclosed its security interest as to the Property under Claim 29's loan documents.

18.     Nationstar seeks this Court's leave for additional time to discuss a potential resolution of the issues raised by Debtor's Claim Objection and the May 8, 2019 Notice of Default. If the parties cannot reach an accord, Nationstar believes that an evidentiary hearing will be necessary to confirm the existence or absence of the automatic stay as to the Property and as to the issues raised by the Claim Objection.

Respectfully submitted,

/s/ *Thomas B. Humphries*
Diane C. Murray
Thomas B. Humphries
**Counsel for Nationstar Mortgage, LLC**

**OF COUNSEL:**
**SIROTE & PERMUTT, PC**

3

DOCSBHM\2297978\1

2311 Highland Avenue South
Post Office Box 55727
Birmingham, Alabama 35255-5727
Telephone: 205-930-5331
dmurray@sirote.com
thumphries@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following individuals:

Tazewell Shepard
Tazewell T. Shepard, IV
**Tazewell Shepard, P.C.**
PO BOX 19045
HUNTSVILLE, AL 35804
Email: taze@ssmattorneys.com
Email: ty@ssmattorneys.com

Richard M. Blythe,
Assistant U.S. Bankruptcy Administrator
**United States Bankruptcy Administrator**
Northern District of Alabama
Seybourn H. Lynn Federal Building
Post Office Box 3045
400 Well Street NE, Room 236
Decatur, Alabama 35602

/s/ *Thomas B. Humphries*
OF COUNSEL

4