# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: Michael G. Dombrowski<br>SSN: xxx-xx-8166 | ) ) ) ) | Case No.: 16-81412-CRJ-11 |
| Debtor. | ) ) | CHAPTER 11 |

## DEBTOR'S RESPONSE TO CREDITOR'S MOTION
## FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW, the Chapter 11 confirmed debtor, Michael G. Dombrowski (the "**Debtor**"), and responds to Rushmore Loan Management Services, LLC's, the servicing agent for MTGLQ Investors, LP, (the "**Movant**") Motion for Relief from the Automatic Stay (Doc. 873) (the "**Motion**") as follows:

**This Court has Repeatedly Ruled on this Claim in Favor of the Debtor**

1. This is the fourth time this Court has set a contested matter in this case tied to Claim 20-1 (the "**Claim**").

2. Since 2017, this Court has previously sustained two prior claim objections filed by the Debtor. Within the last sixty days, this Court denied the Movant's request to reconsider these claim objections. Presently, Movant seeks stay relief on a claim that is not in default, and it has not followed the confirmed Plan of Reorganization's provisions for notice and resolution.

3. Movant has repeatedly ignored this Court's orders on the Claim amount and continually sends the Debtor collection notices based on an errant balance at odds with this Court's findings and prior rulings.

4. The Movant's Motion and accompanying affidavit contain the wrong claim balance amounts and do not recognize this Court's orders adjudicating its Claim amount.

5. The Motion also "requests a finding that the petition in this case was filed to delay, hinder, and defraud this Creditor that involves multiple bankruptcy filings…" To date, the Debtor has only filed bankruptcy once, in 2016, before Movant became the servicer of this Claim.

6. Further, the Motion makes references to a lack of equity in the property, which is incorrect. This Court has previously addressed the issue of the Debtor's equity in the property.

7. Most importantly, Movant is stayed by federal law from taking any collection action against the Debtor, including seeking stay relief to foreclose on the property.

8. By filing this Motion, Movant violates a federal injunction created by Congress in the Coronavirus Aid, Relief, and Economic Security Act Economic Stabilization Act of 2020 ("**CARES Act**").

## CARES Act Forbearance is Binding on this Claim

9. Pursuant to 15 U.S.C. § 9056(b)(1) (CARES Act, Pub. L. 116-136, section 4022(b)(2)), during the covered period, a borrower with a Federally backed mortgage loan experiencing financial hardship due, directly or indirectly, to the COVID-19 emergency may request forbearance on the loan, regardless of delinquency status, by (A) submitting a request to the borrower's servicer; and (B) affirming that the borrower is experiencing financial hardship during the COVID-19 emergency.

10. 15 U.S.C. § 9056 (b)(2) further provides that upon a request by a borrower for forbearance under paragraph (1), such forbearance shall be granted for up to 180 days, and shall be extended for an additional period of up to 180 days at the request of the borrower, provided that, at the borrower's request, either the initial or extended period of forbearance may be shortened.

11. This law covers the Claim; the Federal National Mortgage Association originally submitted proof of claim 20-1 because it is a covered loan under the legislation.

12. Thus, the Debtor is entitled to forbearance if he followed the noticing requirements of the CARES Act.

## The Debtor Followed the Notice Provisions in the CARES Act

13. In compliance with the CARES Act, on December 31, 2020, the Debtor served Movant notice of his election to forbear on the note that makes up the Claim and is secured by the property located at 1701 Strand, Unit 8 Tybee Island GA 31328 (the "**Loss Mitigation Notice**"[1]).

14. On January 7, 2021, Movant received the December 31, 2020 Notice.

---

[1] In the Consumer Financial Protection Bureau's Mortgage Servicing Rules FAQ related to the COVID-19 Emergency, last updated 4/3/2020, it says that for purposes of the rule, a payment forbearance program generally is a loss mitigation option pursuant to which a servicer allows a borrower to forgo making certain payments or portions of payments for a period of time. Comment 41(c)(2)(iii)-1.

15. On January 29, 2021, the Debtor filed with this Court the "Debtor's Notice of Exercising His Forbearance Rights Pursuant to the CARES Act of 2020", informing the Court that the forbearance period on the Eligible Claim with the Movant begins to run on February 1, 2021, for a period up to 180 days (Doc. 850) (the "**Filed Notice**").

16. The Debtor also served the Movant by U.S. Mail and upon its counsel via electronic service through the Court's ECF system.

17. This Court even held a hearing on the Filed Notice on February 18, 2021, and issued an order related to it on March 4, 2021 (Doc. 859).

18. Movant did not object to the Court Notice or attend the hearing.

19. It has received multiple notices of the Debtor's election under the CARES Act and is presently violating: (i) the provisions of the Plan of Reorganization; (ii) this Court's Orders sustaining claim objections; and (iii) the CARES Act.

20. Movant is not entitled to relief from this Court.

WHEREFORE, premises considered, the Debtor respectfully requests that this Court enter an Order: (i) denying Movant's Motion; and (ii) granting such further relief as the Court deems just and proper.

Respectfully submitted this the 14th day of July 2021.

          /s/ Tazewell T. Shepard IV
          Tazewell T. Shepard III
          Tazewell T. Shepard IV
          *Attorneys to the Debtor*
          **SPARKMAN, SHEPARD & MORRIS, P.C.**
          P.O. Box 19045
          Huntsville, AL 35084
          (256) 512-9924
          ty@ssmattorneys.com

## CERTIFICATE OF SERVICE

        This is to certify that I have this the 14th day of July, 2021 served the foregoing document upon all addressees on the 20 largest unsecured creditors, Jackson E. Duncan III, *Attorney for the Movant*, Richard Blythe, *Office of the Bankruptcy Administrator*, and all parties requesting notice, by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid.

                                      */s/ Tazewell T. Shepard IV*
                                        Tazewell T. Shepard IV