# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: | |
| **MICHAEL G. DOMBROWSKI,** | Case No. 16-81412 |
| Debtor. | Chapter 11 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR DISMISSAL OR CONVERSION OF THE BANKRUPTCY

COMES NOW Legacy Mountain Homeowners Association, Inc. ("Legacy"), by and through counsel, and moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to enforce liens arising from unpaid homeowners' association dues. Alternatively, Legacy seeks dismissal or conversion of the bankruptcy pursuant to 11 U.S.C. § 1112(b)(1). In support thereof, Legacy states as follows:

### FACTUAL & PROCEDURAL HISTORY

1. Michael Dombrowski (the "Debtor") is the sole member of Blue Mountain Properties, LLC ("Blue Mountain") and MGD RR3, LLC ("MGD") (collectively, the "LLCs"). The LLCs owned and rented nearly a dozen units of real property in Sevierville, Tennessee at Legacy Mountain Resort, which is a condominium development managed by Legacy.

2. Pursuant to its Master Deed and Bylaws, attached as **Exhibit A**, Legacy is authorized to assess yearly homeowners' dues against units within Legacy Mountain Resort to fund maintenance of common areas and infrastructure. When a unit owner fails to timely pay an assessment, that assessment becomes a lien against the unit, and Legacy is authorized to take collection action to enforce the lien. TENN. CODE § 66-27-415(a)(1). Furthermore, pursuant to the Master Deed, as limited by Tennessee law, unpaid assessments incur 10% per annum simple

1

interest and late fees of $25.00 per month per lot.  Finally, Legacy is authorized to collect attorneys' fees and costs incurred in the collection of unpaid assessments.

3.  The Debtor filed Chapter 11 bankruptcy on May 11, 2016, and proposed a plan that purported to partly rely on income from the LLCs.  (Doc. 569).  However, the LLCs did not file bankruptcy.  The Court confirmed the Debtor's plan on September 5, 2017.  (Doc. 577).

4.  For several years, the LLCs failed to timely and fully pay homeowners' association dues assessed by Legacy, causing Legacy to pursue collection efforts against the units and the LLCs.  In 2017, MGD sold its units and Legacy collected unpaid assessments associated with those units out of the sales proceeds.

5.  Legacy also attempted to collect unpaid assessments against Blue Mountain and, in 2019, it sued Blue Mountain and the Debtor in Tennessee state court to collect the unpaid assessments.  The state court litigation is currently stayed pending resolution of the Debtor's bankruptcy.

6.  On June 8, 2022, the Debtor sued Legacy, alleging it willfully violating the automatic stay, and he later amended his complaint to allege that Legacy violated the terms of his confirmed plan, through Legacy's efforts to collect unpaid homeowners' assessments against the LLCs.  (Doc. 892).  The Court dismissed the Debtor's cause of action on June 29, 2023, for failure to state a claim for which relief could be granted because the LLCs, not the Debtor, owned the units that were subject to Legacy's assessments.  Both the District Court and the Eleventh Circuit affirmed that dismissal on appeal.  *Dombrowski v. Legacy Mt. Homeowners Ass'n*, 2024 U.S. Dist. LEXIS 144938 (N.D. Ala. Mar. 13, 2024), *aff'd* 2025 U.S. App. LEXIS 5509 (11th Cir. Mar. 10, 2025).  Legacy incurred over $90,000.00 in legal fees due to the Debtor's meritless litigation and appeals.

7. Shortly after the Court dismissed the Debtor's cause of action, on July 7, 2023, Blue Mountain transferred its units at Legacy Mountain Resort to the Debtor. As set out in the affidavit executed by Stephanie Whaley, the Manager of Legacy, attached as **Exhibit B**, liens from unpaid assessments, fees, interest, and late charges remain on each unit. (An itemization for each unit is included with the affidavit.) Legacy now seeks relief from the automatic stay to enforce those liens against the units.

8. Pursuant to the Debtor's most recent quarterly post-confirmation report, which was for the fourth quarter of 2024, the Debtor has made payments of just under $670,000.00 while in bankruptcy, nearly all of which has gone toward secured creditors and attorneys' fees; lower priority and unsecured creditors have received a meager $20,000.00, or roughly 3% of plan disbursements to date. (Doc. 1100). Furthermore, this report reflects that the Debtor still owes more than $1.5 million in plan payments, all to secured creditors, which means, after nine years of bankruptcy relief, that the Debtor is less than a third of the way finished with his plan payments. (Doc. 1100).

## ARGUMENT

9. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and the District Court's General Order of Reference of Bankruptcy Matters.

10. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). To the extent this Court would otherwise lack authority to enter a final order, Legacy consents to entry of a final order by this Court.

**There Is Cause to Grant Legacy Relief from the Stay – 11 U.S.C. § 362(d)(1)**

11. The Bankruptcy Code permits the Court to grant a party in interest relief from the automatic stay "for cause," which may include the movant's lack of adequate protection in its collateral. 11 U.S.C. § 362(d)(1).

12. The Debtor has now received the protection of bankruptcy for over nine years. During that period, he has enjoyed the income generated by the units owned by the LLCs. However, the LLCs, which were under the Debtor's full control, failed to timely pay Legacy for several years' worth of assessments, interest, and other fees during the bankruptcy. The Debtor has likewise failed to satisfy these obligations since taking direct ownership of the units, while instead pursuing baseless litigation against Legacy. Consequently, Legacy is owed more than $100,000.00 in assessments, interest, fees, and charges that have accrued post-petition, not including its very substantial attorneys' fees and costs.

13. Furthermore, Legacy's ongoing inability to recover assessments owed by the LLCs (and now the Debtor) has forced it to increase subsequent assessments against the entire development, thereby forcing the other members of Legacy Mountain Resort to cover the shortfall created by the Debtor's persistent refusal to honor his obligations.

14. The only reason Legacy cannot currently enforce its liens on the units is because of the Debtor's decision, more than seven years into his bankruptcy and after an adverse ruling by this Court in his baseless lawsuit, to have Blue Mountain transfer the units to him for no apparent consideration. The Debtor has had two years since that transfer to satisfy the liens but has not done so.

15. Under the foregoing circumstances, given the Debtor's ongoing failure to satisfy Legacy's liens, his tortoise-like progress toward completion of his plan payments, and his bankruptcy's seemingly interminable future, Legacy should not be forced to wait until the end

of the Debtor's bankruptcy case to enforce its liens. Legacy deserves prompt relief from the stay to enforce its liens against the units and to help offset the added assessments borne by the other members of Legacy Mountain Resort.

16. Legacy requests that the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure not apply to any order that would grant this motion.

**Alternatively, There Is Cause to
Dismiss or Convert the Bankruptcy – 11 U.S.C. § 1112(b)(1)**

17. On request of a party in interest, a bankruptcy court "shall convert" a bankruptcy case to Chapter 7 "or dismiss" a bankruptcy case, "whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). "Cause" includes, but is not limited to, substantial or continuing diminution of the estate and the absence of a reasonable likelihood of rehabilitation, gross mismanagement of the estate, and inability to effectuate substantial consummation of a confirmed plan. 11 U.S.C. § 1112(b)(4)(A), (B), and (M). "The circumstances indicating cause listed in § 1112(b)(4), however, are not exhaustive and a court may consider other factors in determining whether to convert or dismiss a Chapter 11 case." *In re Woodruff*, 580 B.R. 291, 298 (Bankr. M.D. Ga. 2018).

18. As previously stated, the Debtor has enjoyed the protection of bankruptcy for over nine years. His most recent post-confirmation report indicates that he has mostly paid his attorneys and secured creditors during that period, with lower-priority and unsecured creditors receiving a measly 3% of plan disbursements to date. It also reflects that the Debtor is less than a third of the way finished with his required plan payments, and that secured creditors are to be the beneficiaries of all remaining plan payments. (Doc. 1100). If the Debtor is allowed to continue this course, there is no foreseeable end to his bankruptcy.

19. While in bankruptcy, the Debtor has incurred more than $290,00.00 in direct attorneys' fees to administer his bankruptcy case, which comprise more than 40% of his total bankruptcy payments even after nine years of bankruptcy relief. Despite that, the Debtor (through his control of the LLCs) also allowed more than $100,000.00 in unpaid homeowners' association dues to accrue, as well as a comparable amount of related attorneys' fees that are enforceable against the units. Therefore, the Debtor's conduct in his bankruptcy case and his mismanagement of the LLCs and the units have resulted in an ongoing loss, either through administrative expenses or through accrual of unpaid homeowners' dues, interest, and fees, of almost $500,000.00. Therefore, cause for dismissal or conversion exists in the form of substantial or continuing loss to the estate. *See* 11 U.S.C. § 1112(b)(4)(A).

20. Furthermore, as discussed previously, the Debtor failed to promptly execute his plan provisions to have the LLCs transfer the units to himself, he allowed them to miss several years' worth of payments of homeowners' association dues, and he subsequently embarked on a quixotic lawsuit with two appeals to allege a stay violation and to claim that Legacy had violated the terms of his confirmed plan, all of which substantially increased both the Debtor's attorney's fees and Legacy's outstanding dues and attorneys' fees while slowing down the Debtor's ability to make plan payments. Consequently, after nine years of bankruptcy relief, the Debtor is less than one-third finished with his plan payments. The Debtor's actions constitute gross mismanagement of the bankruptcy estate and warrant cause for dismissal or conversion. *See* 11 U.S.C. § 1112(b)(4)(B).

21. Finally, as discussed above, the Debtor is less than one-third finished with his plan payments after nine years of bankruptcy relief, with no foreseeable end in sight. Thus, it appears that he is unable to effectuate substantial consummation of a confirmed plan. That warrants cause for dismissal or conversion. *See* 11 U.S.C. § 1112(b)(4)(M).

6

WHEREFORE, Legacy Mountain Homeowners Association, Inc., respectfully requests that this Honorable Court grant it relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) so that it may enforce its liens against the units. Alternatively, Legacy respectfully requests that this Honorable Court dismiss or convert this bankruptcy, whichever is in the best interests of creditors. Finally, Legacy respectfully requests any other relief that may be just.

Respectfully submitted this 29th day of July, 2025.

/s/ Wm. Wesley Causby

Wm. Wesley Causby
ASB-9822-G93R

Attorney for Legacy Mountain
Homeowners Association, Inc.

MEMORY MEMORY & CAUSBY, LLP
P.O. Box 4054
Montgomery, Alabama 36103-4054
(334) 834-8000
wcausby@memorylegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document on the following parties:

**Via CM/ECF Notification**

Kevin D. Heard, Esq.
Counsel for the Debtor
kheard@heardlaw.com

All other parties who have requested
electronic notice in this case.

**Via First Class Mail, postage prepaid:**

Michael G. Dombrowski
200 Walker Avenue
Huntsville, Alabama 35801

/s/ Wm. Wesley Causby